Manuel **HARRISON**, Appellant,

v.

**John W. GARDNER**, Secretary, Health, Education and Welfare Department, Social Security Administration, Appellee.

No. 22655.

United States Court of Appeals
Fifth Circuit.

Nov. 30, 1966.

Jimmy Castledine, Wichita Falls, Tex., for appellant.

Melvin M. Diggs, U. S. Atty., Martha Joe Stroud, Asst. U. S. Atty., Dallas, Tex., for appellee.

Before BROWN, COLEMAN and AINSWORTH, Circuit Judges.

AINSWORTH, Circuit Judge:

Manuel Harrison filed this action under the Social Security Act to review the final decision of the Secretary which denied him a period of disability and monthly disability insurance benefits. The case was heard on the administrative transcript taken before the Secretary's

hearing examiner and plaintiff and defendant filed motions for summary judgment. The trial judge granted defendant's motion for summary judgment, dismissing plaintiff's suit and holding that "There is substantial evidence in the record to support final determinations by the Secretary of Health, Education and Welfare that the plaintiff has failed to establish satisfactorily that he was entitled to a disability freeze under 42 U.S.C. 416(i) or to monthly disability insurance benefits under 42 U.S.C. 423." No other reasons for judgment were handed down by the district judge.

The basic issue, therefore, is whether there is substantial evidence in the record to support the Secretary's final determinations.

The record shows that claimant filed his application to the Social Security Administration for disability benefits February 4, 1963, claiming that he became unable to work on June 12, 1962, at age 59, due to a slipped disc. An application was denied administratively, also, on reconsideration by the Division of Disability Operations of the Social Security Administration and a hearing was then held before an examiner at Wichita Falls, Texas, on March 5, 1964, after which the hearing examiner, on March 28, 1964, denied the claim and the Secretary, through his Appeals Council, denied claimant's request for review on May 22, 1964. This suit followed the action detailed.

Claimant is a Negro, with little education, has done general farm labor and hotel work as dishwasher, porter, bus boy and yard boy. While working at a hotel in Wichita Falls, Texas, as a bus boy, he injured his back lifting a heavy tray of coffee cups on June 12, 1962 and claims he has been unable to work since. He received treatment immediately after the traylifting incident and has seen a number of specialists who have varying opinions about his physical condition.

None of the doctors testified; their statements are found in written reports which the examiner considered. One of claimant's treating physicians, Dr. Led-better, an orthopedic surgeon who saw Harrison in 1960 and 1961, found that he was suffering from "severe disc disease, with nerve root irritation of the fifth lumbar nerve, with an incapacitating degree of pain in his leg," and has "severe degenerative arthritic changes of all the lumbar vertebrae." Dr. Maxfield, an orthopedic surgeon, examined Harrison in 1961 and in 1963. He found that the "intervertebral spaces are satisfactorily maintained. There is a moderate amount of lipping along the anterior margins of most of the lumbar bodies. There is a sacralization of the fifth lumbar vertebrae." The doctor's 1963 report found it "very difficult to evaluate this patient"; that "he exaggerates his complaints" and that "there is no indication of severe nerve root pressure at this time." However, the reactions of the patient on examination were "suggestive of some nerve root irritation on the left side of the back" and the doctor said that he was "unable to say with certainty at this time whether or not the man was significantly disabled." He said he would give him the "benefit of a doubt at this time" and that "it is probably impossible for him to carry heavy loads and to do extensive bending and lifting at this time." Dr. Renton, a neurosurgeon who examined claimant as a consultant for the Secretary, wrote that some of the sensory abnormalities demonstrated by the patient "are usually seen in physioneurotic reactions or malingering," but said, "I cannot completely exclude a herniated nucleus plerosis of L-4, L-5, or L-5, S-1 on the left on the basis of this one single examination." He found that the patient "could have a herniated lumbar disc." Dr. Van Deventer, an orthopedic surgeon who treated claimant, found that prior X-rays had revealed "the possibility of a herniated lumbar intervertebral disc and both the fourth, third, fifth lumbar interspaces," and his diagnosis in his last report was "herniated lumbar discs L-3, L-4, L-5." Dr. McKinney, a neurosurgeon, examined claimant as a consultant for the Secretary and was of the impression that the pa-

tient "may very well have an unstable back, and may even have a ruptured disc between L-4 and 5, or between L-5 and S-1; however, he over-reacts to stimulation and it is rather hard to evaluate his situation." He also stated that the patient's pain might not be caused by a ruptured disc but "rather to an unstable back or possibly to an arthritic situation."

The hearing examiner summarized the evidence in detailed findings after having taken oral evidence only from claimant Harrison and from Dr. Parker, a counseling psychologist attached to the University of Oklahoma, Norman, Oklahoma. Dr. Parker testified from parts of Supplement I of the Dictionary of Occupational Titles, Estimates of Work Trait Requirements for 4,000 Jobs, Training Guide in the Use of the Dictionary of Occupational Titles, and Occupational Outlook Handbook. Dr. Parker is not a physician but he evaluated various medical reports and said he believed the claimant could carry out light work such as a porter, elevator operator, checkroom attendant and other such duties, including shining shoes, pressing clothes, etc. The examiner found in his report that "Dr. Parker further said these types of jobs were in our National economy and also in the economy of the area where the claimant resided." In deciding whether claimant can engage in "any substantial gainful activity," the examiner found that "While it is apparent he cannot be employed as a laborer of heavy labor or do any type of work of a heavy or strenuous nature, nor can he engage in strenuous work activity which would require standing on his feet for long periods of time, or doing lifting of heavy objects, however, it is equally clear that he has the residual capacity to perform sedentary, light or semi-sedentary work, such as a janitor, elevator operator, check room attendant, concession attendant, locker room attendant, porter work where there would be no heavy lifting or strenuous work involved, such as performing light task duties, or even as a bus boy, which he did prior to his alleged date of onset,

in the event he could find employment in an establishment employing the use of a conveyor belt to carry the dishes and which would not require the claimant to lift weights in excess of twenty pounds, and other light jobs of this nature." On this basis he denied the claim.

We hold that the Secretary's decision should be reversed and the matter remanded for further proceedings because of a lack of substantial evidence to support it and because the Secretary's hearing examiner did not apply correct legal standards in his determination of the case.

1. None of the physicians, either treating physicians or consultants employed by the Secretary, stated that claimant is not disabled. The inference in Dr. Maxfield's report is that claimant could do light work, though he does not state so affirmatively. It is difficult to read the medical evidence without coming to the definite conclusion that the claimant has one or more ruptured discs in his lower back which impair his ability to work. We have a strong conviction that the medical evidence does not support the examiner's findings that the claimant is not disabled within the meaning of the Social Security Act to perform any substantial gainful activity.

2. The psychologist, Dr. Parker, testified that claimant was able to do light work and that such light work was available in the national economy, and the examiner found in his report that such jobs "obviously exist in the claimant's geographic area." Although there may be considerable doubt that there has been a sufficient evidentiary showing of the availability of such work in the claimant's immediate geographic area, we find it unnecessary to pass on this in view of the clear defect next discussed in numbered paragraph 3.

3. There is no finding as required by our recent decisions in Gardner v. Smith, 5 Cir., 1966, 368 F.2d 77 and Bridges v. Gardner, 5 Cir., 1966, 368 F.2d 86 that even if claimant can perform light work there must be a reasonable opportunity

for him to compete in the manner normally pursued by persons seeking work for a job within his determined capabilities. As Judge Rives wrote in Gardner v. Smith, supra, "If, in practice, the claimant could not reasonably expect to be hired, then no job exists for him. The Act asks if the claimant is able to engage in substantial gainful work. If no one would hire him, he cannot engage in substantial gainful work."

■ The hearing examiner, therefore, should resolve the crucial issue whether or not claimant's impairment would prevent him from being hired to fill jobs or whether he would have a reasonable opportunity to compete for a job within his determined capabilities in his geographic area. If claimant's physical condition is such that he can engage in some substantial gainful activity, such as light work, this in itself is not enough, for mere ability to perform such jobs is insufficient to justify a denial of disability benefits; it is also necessary that there be a showing of a reasonable opportunity to compete for a job in the manner normally pursued by persons genuinely seeking work, for a job within his determined capabilities. See Bridges v. Gardner, supra. This is the applicable legal standard. But there was no evidence to this effect on which the examiner might support his findings. In fact, Dr. Parker, the psychologist, testified (R. 72) that "While it's possible, from the nature of his limitations, he could perform the task, I think employability is a little doubtful in things which are used quite frequently with older persons who are physically limited." Several sentences later he said, " * * * employability is another matter." Finally, (R. 73) " * * * his limitation would also perhaps deny him from access merely upon presentation of the statements that he has some kind of back distress. Many employers would not even provide an application blank on that basis."

The hearing examiner's findings being those now of the Secretary are not supported by substantial evidence and should be reversed and the case remanded for further hearing. On remand all of the present record may be used and supplemented by the parties with additional evidence, and an entirely new decision must be reached.[1]

---

1. The Social Security Act has been amended subsequent to the Secretary's decision in this case, and the new provisions of the statute apply to cases on judicial review in which no final decision has yet been made. See Sections 303(b) and 328(d) (42 U.S.C. §§ 416(i) (2), 402(j) (2).) Section 303(a) (42 U.S.C. § 416(i) (1)) has been amended so that the "long, continued and indefinite duration" requirement has been eliminated. The new decision should be written in this light.