**Perry NEWMAN, Plaintiff-Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education and Welfare, Defendant-Appellee.**

**No. 16951.**

United States Court of Appeals Sixth Circuit.

April 12, 1967.

Ronald W. May, Pikeville, Ky., for plaintiff-appellant.

J. T. Frankenberger, Asst. U. S. Atty., Lexington, Ky., for defendant-appellee, George I. Cline, U. S. Atty., Lexington, Ky., on the brief.

Before WEICK, Chief Judge, McCREE, Circuit Judge, and HOGAN, District Judge.*

---

* Honorable Timothy S. Hogan, United States District Judge for the Southern District of Ohio, sitting by designation.

PER CURIAM.

The plaintiff, an Eastern Kentucky underground coal miner from the time he was seventeen years old, stopped working in February, 1962, at the age of 38. He filed a claim for disability benefits in June of 1962 due to "neck injury, silicosis, ruptured disc, hemorrhoids, and numb spells in his left leg." The defendant Secretary determined that the only medically determinable impairment was and is an intervertebral disc lesion which (a) is remedial with reasonable effort and safety to the plaintiff, and (b) even unremedied, did not prevent the plaintiff from engaging in gainful occupations, such as assembler of light fixtures or electrical accessories, base remover, inspector in plastic and fabric industries, glass products inspector, contact plate assembler, element setter and other non-arduous jobs, which exist in the Southern West Virginia-Eastern Kentucky area where the plaintiff resides. The District Court (Senior District Judge H. Church Ford, serving by Designation) concluded that, while the finding in respect of the remedial aspect of the impairment was not supported by substantial evidence, nonetheless, the finding in respect of the residual ability of the appellant to engage in other (than coal mining) types of substantial gainful activity was "sustained by substantial evidence and is conclusive."

The plaintiff did suffer a neck injury while at work in October, 1960; he shortly thereafter returned to work and was reinjured on March 28, 1961, while lifting a cable. He was hospitalized for several days for cervical traction and was discharged for work on April 19, 1961. He terminated his work the following February because of recurring and increasingly severe neck pain. While plaintiff claims a pulmonary impairment (and there is some evidence of such in the medical record) it caused him no "on-the-job" difficulty. It is clear that in one or the other or both accidents he suffered a ruptured intervertebral disc injury which eventually rendered him unable to perform the arduous tasks of a coal miner. Since the plaintiff has been a claimant in recent years under both the Workmen's Compensation Laws of Kentucky and the Social Security Laws of the United States, he has undergone an unusual number of medical examinations since 1960. The conclusions of the medical experts—all apparently capable—range from "old cervical disc injury, presently not giving the patient any severe problems" (1964, University Hospital, University of Kentucky, Doctor Merrill C. Oaks, Examining Physician) to "totally disabled from engaging in his usual occupation as a coal miner" (Doctor Kirwood Hunter, Cincinnati, Ohio, April, 1962) to "totally and permanently disabled from gainful occupation" (Doctor J. A. Stumbo, Martin, Kentucky, 1962).

The record does indicate an inability of plaintiff to perform his usual occupation; this, of course, brings us to a second question, i. e., what jobs can the man do with his residual physical capabilities and are there such available in the general area in which he resides. Massey v. Celebrezze, 345 F.2d 146 (CA 6, 1965). A vocational expert, Doctor Ralph Brown, identified the jobs referred to above as existing in the area of appellant's residence and testified to the ability of a person of plaintiff's age, education (sixth grade) and impairments to perform such occupations.[1] Plaintiff's sole quarrel with Doctor Brown's testimony was that a hypothetical question which elicited the answer did not include any assumption of pulmonary difficulty (which some few of the doctors had diagnosed). However, the only impairment related by anyone to

---

1. The Hearing Examiner made specific findings in accordance with this testimony, thereby differentiating this case from Williams v. Celebrezze, 359 F.2d 950 (C.A.4th 1966) cited by appellant during oral argument; we have also examined Harrison v. Gardner, 369 F.2d 172 (C.A. 5th 1966) and Kirby v. Gardner, 369 F.2d 302 (C.A.10th 1966) and find each substantially different in its facts from this case.

work was the disc—plaintiff had never been bothered by any pulmonary condition in his coal mining work. Furthermore, practically all of the many doctors who examined the plaintiff, including those who concluded that he was unable to engage in coal mining, agreed that the plaintiff could perform less arduous occupations (for example, Doctor Marion Brown, Doctor Kirwood Hunter, Doctor Oaks). Finally, and significantly, there is no evidence that plaintiff has sought any type of employment since he quit coal mining in February of 1962.

In considering the entire record, and the issues arising "in the factual context" of this case, Justice v. Gardner, 360 F.2d 998 (C.A.6th 1966), this Court feels that it should affirm the decision and order of the District Judge. We do find, as did the District Judge, substantial evidence in the whole record that plaintiff does retain a residual capacity for substantial gainful employment at jobs which exist in the general area in which he lives. The findings of the Secretary are therefore conclusive, 42 U.S. C.A. § 405(g), Adkins v. Celebrezze, 330 F.2d 704 (C.A.6th 1964).

Affirmed.