Chester I. BROUSSARD, Appellant,

v.

John W. GARDNER, Secretary of Health, Education and Welfare, Appellee.

No. 23703.

United States Court of Appeals
Fifth Circuit.

Aug. 14, 1967.

Frederic G. Hayes, Lafayette, La., for appellant.

Leven H. Harris, Asst. U. S. Atty., Shreveport, La., for appellee.

Before BROWN, Chief Judge, and MOORE * and BELL, Circuit Judges.

PER CURIAM.

The Secretary denied appellant's application to establish a period of disability under the Social Security Act and for disability benefits. 42 U.S.C.A. §§ 405 (g), 416(i), and 423. The District Court affirmed.

We find substantial evidence in the record considered as a whole to support a determination that appellant did not establish that his mental and physical impairments, either singly or in combination, were of such severity as to preclude him from engaging in any substantial gainful activity. See Clinch v. Celebrezze, 5 Cir., 1964, 328 F.2d 779, for the standard of review in the District Court and in this court. In Dodsworth v. Celebrezze, 5 Cir., 1965, 349 F.2d 312, we pointed out that in a case involving both mental and physical impairments, the question is:

"* * * whether in light of all the evidence it is medically demonstratable that from the operation of these mental-psychological defects on his general physical condition, it is improbable that he could obtain and hold gainful employment."

The evidence here supports a negative answer to this question. The record discloses a back injury. It also discloses "moderate serious" mental depression leading from the back injury which prevented appellant from seeking a job. However, there was substantial medical evidence ample to support a conclusion that within the area where he would normally be expected to work jobs existed within his determined capabilities for which appellant had a reasonable opportunity to compete in the manner normally pursued by persons genuinely seeking work, Gardner v. Smith, 5 Cir., 1966, 368 F.2d 77; Bridges v. Gardner, 5 Cir., 1966, 368 F.2d 86; Harrison v. Gardner, 5 Cir., 1966, 369 F.2d 172; Celebrezze v. O'Brient, 5 Cir., 1963, 323 F.2d 989; but he persisted in his position of not seeking a job. This warrants the conclusion that appellant's previous physical or mental impairment, if any, was not sufficient to prevent him from competing in the labor market or being hired to fill jobs which he could perform.

Affirmed.

* Of the Second Circuit, sitting by designation.