Nicolás Jiménez, San Juan, P. R., for plaintiff.

Candita R. Orlandi, U. S. Atty., San Juan, P. R., for defendant.

### ORDER

FERNÁNDEZ-BADILLO, District Judge.

This is an action under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), to review a final decision of the Secretary of Health, Education and Welfare, denying plaintiff a period of disability under Section 216(i) 42 U.S.C. § 416(i), and disability insurance benefits under Section 223, 42 U.S.C. § 416(i), 423.

On March 23, 1966, claimant filed his application for benefits alleging as basis a disabling nervous disorder. His earnings certification fixes the onset of his disability as June 1965 while in his application he alleged he first became unable to work on January 1, 1960. The record definitely reveals that he worked as late as 1964. The statutory earnings requirements were met through June 30, 1965. The Hearing Examiner determined that "while at his advanced age in life his former agricultural activities would not be recommended, there is no apparent reason why he cannot according

---

Diego **COLON DIAZ**

v.

John W. **GARDNER,** Secretary of Health, Education and Welfare.

Civ. No. 599-67.

United States District Court
D. Puerto Rico.

June 28, 1968.

to his intellect and training and his evident physical capabilities perform in any of his former work activities."

Claimant is a 57 year old veteran who has had a sixth grade education. As a boy he started cultivating the land until he was 25 to 30 years old. He then worked as a peddler until he was drafted. After leaving the Army in 1945 he went to Chicago and was employed for about two years as a dishwasher. He has also worked as a busboy, material handler, landscaper and at the Bacardí Corporation placing empty rum bottles in line. He testified that he spends most of the day walking to his family's house and other places. (Tr. 34)

Claimant has many subjective complaints. When asked what was physically or mentally wrong he answered: "My nerves, my cerebrum, my eyes, my ears, my back—everything." (Tr. 29)

The clinical records furnished by the Veterans Administration indicate that plaintiff suffered a strained back in 1944 while serving in the Army. An orthopedic examination made on July 1959 revealed a chronic lumbo-sacral strain and a weak back. On March 12, 1965 he was admitted to the hospital complaining of back pain since 1945. His condition was diagnosed as chronic fybromyositis of paravertebral muscles of the lumbar region. (Tr. 65) Petitioner was again examined by an orthopedist of the Veterans Administration on October 7, 1965. (Tr. 68) The doctor noted that there was no spasm of the cervical or dorsal paravertebral muscles. Flexibility of the cervical and lumbar spines was normal. There were no sensory changes and the examination was reported to be essentially negative. Diagnosis of moderate degenerative arthritis of the cervical spine was made from X rays. It was also found that plaintiff had peritendinitis calcarea of both shoulders.

A psychiatric examination by Dr. Colberg (Tr. 69) described plaintiff as a 55 year old veteran who talked loud and in an argumentative manner blaming others for his subjective symptoms. His conversation was relevant and coherent, and patient was able to think abstractively. There was no evidence of thought disorder. Thought content revealed an obsession over his subjective somatic complaints. His memory, calculation and general information were found to be adequate in the light of his academic achievement. His judgment was considered adequate. The physician's impression was that plaintiff had a mild to moderate psychoneurotic reaction. He was found to be both mentally and financially competent.

An E.N.T. examination was essentially negative revealing partial loss of the pinna on the left side. Bilateral hearing loss was to be determined by audiometry.

Also in evidence before the Hearing Examiner was the medical report of Dr. P. A. Zetterstrand, an otolaryngologist (Tr. 71–72) dated June 17, 1966. His diagnosis was bilateral sensorineural deafness, mild on the left side and moderate on the right side. His prognosis was that claimant might have some slow progression of hearing loss. His eardrums were normal and he could hear and understand a normal conversational voice at a distance of four feet. Dr. Zetterstrand recommended a hearing aid and avoidance of such work as would require hearing acuity.

On June 21, 1966 Dr. Rodríguez Christensen, an orthopedic surgeon, submitted a report to the Vocational Rehabilitation Division. Plaintiff resisted examination of the spine and of the lower extremities. The following is the impression received by Dr. Rodríguez:

"From the * * * history, physical and radiological examination Mr. Colón has a grossly negative orthopedic examination. If no psychiatric contraindication, he should be able to perform regular type of work, according to age and toleration."

The last medical report, dated December 28, 1966, is from the State Psychiatric Hospital at Río Piedras, Puerto Rico. The diagnostic impression was anxiety reaction. Plaintiff's mental condition on admission was described as essentially negative.

It is obvious that claimant is fully convinced that he is disabled. However, it appears that the many subjective symptoms alleged by him are not supported by the objective findings on record. In view of the record as a whole, clinical findings and opinions, testimony and reports of contact, it is this Court's opinion that the Secretary's findings are supported by substantial evidence.

This holding is given aware of the fact that an award of benefits is not precluded because there may be a large element of psychosomatic overlay to an applicant's condition. Walston v. Gardner (6th Cir. 1967) 381 F.2d 580. It cannot be reasonably asserted that this applicant's condition is so severe as to make him disabled within the meaning of the Act. He is capable both physically and mentally to perform his previous occupations.

As pointed out in Dodsworth v. Celebreeze (5th Cir. 1965) 349 F.2d 312, cited in Broussard v. Gardner (5th Cir. 1967) 382 F.2d 278, in a case involving both mental and physical impairments, the question is:

" * * * whether in light of all the evidence it is medically demonstrable that from the operation of these mental-psychological defects on his general physical condition, it is improbable that he could obtain and hold gainful employment."

Here as in the *Broussard* case the record supports a negative answer to this question. The evidence reveals a back strain and mild to moderate permanent hearing loss which prevented only that type of activity requiring hearing acuity. There is a diagnosis of anxiety reaction and no evidence of serious mental disorder which could prevent claimant from holding a job.

Plaintiff having failed to meet the burden of proving his claim, and it appearing that no genuine issue of fact exists.

It is hereby ordered that the defendant's motion for summary judgment be granted.