Geneva C. JONES, Plaintiff,

v.

Jo Anne B. BARNHART, Commissioner of Social Security, Defendant.

No. CIV.A. 03–G–2355–W.

United States District Court, N.D. Alabama, Western Division.

May 19, 2004.

Darryl W Hunt, Clark & James LLC, Birmingham, AL, for Geneva C. Jones, plaintiff.

Alice H. Martin, U.S. Attorney, Edward Q. Ragland, U.S. Attorney's Office, Birmingham, AL, Mary Ann Sloan, Roy F. Satterwhite, III, Social Security Administration–Office of General Counsel, Atlanta, GA, for Jo Anne B. Barnhart, Commissioner of Social Security Administration, defendant.

## MEMORANDUM OPINION

GUIN, District Judge.

Plaintiff brings this action pursuant to the provisions of section 205(g) of the Social Security Act, [hereinafter the Act], 42 U.S.C. § 405(g),[1] seeking judicial review of a final adverse decision of the Commissioner of Social Security [hereinafter Commissioner]. Application for a period of disability and disability insurance benefits under sections 216(i) and 223 of the Social Security Act, as amended, was filed July 21, 2000, as was an application for SSI as provided under Section 1601 of the Act, 42 U.S.C. §§ 1381 *et seq.* These applications were denied initially and upon reconsidera-

---

1. 42 U.S.C. § 1383(c)(3) renders the judicial provisions of 42 U.S.C. § 405(g) fully applicable to claims for Supplemental Security Income [hereinafter SSI].

tion. Request for a hearing before an administrative law judge [hereinafter ALJ] [Jerry C. Shirley] was granted, and a hearing was held September 12, 2001. The ALJ's decision to deny benefits was handed down November 29, 2001. Plaintiff's request for review by the Appeals Council was denied June 26, 2003. An appeal to this court followed.

Plaintiff is a 56 year old female with a twelfth grade education. Past relevant work is as a seamstress/sewing machine operator and clothing inspector. She last worked July 1, 2000, because of trouble with her back. Although she has many medical problems she claims her main medical problem is pain.

In describing her pain plaintiff says she has trouble lifting and bending. Pain is present when she sits and walks. The maximum length of time she is able to sit without pain is 20 minutes. Standing relieves some of the pressure. She is able to sit back down after about 20 minutes.

Plaintiff is able to stand about five minutes before she feels sharp pain down her leg and back. She sometimes describes the pain as "burning." Walking is painful. Pain radiates from her lower back down her right leg and into the foot.

Medical problems documented in the record include the following:

1) Hidradenitis Suppurative with multiple drainage and irrigations; [2]
2) Numerous rectal operations with very painful rectal abscesses with chronic fistula;
3) Marked peri-anal disease;
4) Anemia;
5) Gastroesophageal reflux disease [GERD], once described as severe gastroesophageal reflux disease with moderate distal esophagitis;
6) Irritable bowel disease/colitis/gastritis;
7) Acute pancreatitis with gastritis;
8) Peripheral neuropathy; [3]

**2.** Hidradenitis Suppurativa is a painful local inflammation of the apocrine glands resulting in obstruction and rupture of the ducts. The lesions are typically tender, reddish purple nodules resembling furuncles but occurring in sweat gland-bearing areas, including (in decreasing frequency) the axillae, the groin, around the nipples, and around the anus. Pain, fluctuation, discharge, and sinus tract formation are characteristic among patients who have had the disorder for years. In other chronic cases, coalescence of inflamed nodules may cause palpable cord like fiberoptic bands in the axilla. The condition may become extensive and disabling. If the pubic and genital areas are involved walking may be difficult and odors may be unpleasant. The Merck Manual of Diagnosis and Therapy, *Hidradenitis Suppurative, available at* http://www.merck.com/mrkshared/mmanual/section10/chapter112/112k.jsp (last visited May 16, 2004).

Hidradenitis is a chronic disease of the scent or apocrine glands which causes chronic scarring and pus formation of the axillae and groin areas. It usually starts as one or more red, tender, swellings in the groin or axillae.

Over a period of hours to days the lesions enlarge and often open to the skin surface draining clear to yellow fluid. The involved area then heals with scarring. The condition usually continues for years with periods of flare and remission. *Colloidal Silver vs. Hidradenitis Suppurative, at* http://www.utopia-silver.com/testimonials/hidradenitis.htm (Last visited May 16, 2004).

**3.** Peripheral neuropathy results from injury to the peripheral nerves in the body that carry signals between the central nervous system (the brain and spinal column) and the muscles, skin, and internal organs. When it first develops people experience a tingling or prickling in the toes, although it can start in the fingers. Over time the tingling gradually spreads up the feet or hands and worsens into a burning, shooting, and/or throbbing pain. People who have severe peripheral neuropathy may experience extreme pain and have difficulty walking.

People who have peripheral neuropathy usually experience symptoms on both sides of their bodies. The sensations can be either constant or periodic. Not only can peripheral neuropathy be physically painful it can

9) Chronic low back pain with diagnoses of degenerative disc disease and sciatica;

10) Hypertension;

11) Chronic obstructive pulmonary disease;

12) Vertigo with dizziness and lightheadedness;

13) Depression;

14) Social anxiety disorder.[4]

■■■ Plaintiff's treating physician Dr. Kimberly Hillman[5] completed a "Clinical Assessment of Pain" form in which she rated plaintiff's pain. She opined that plaintiff's pain is present to such an extent as to be distracting to adequate performance of daily activities or work. Physical activity greatly increases pain to such a degree as to cause distraction from tasks or total abandonment of them. Drug side effects can be expected to be severe and to limit her effectiveness due to distraction, inattention, drowsiness, etc. Dr. Hillman stated that plaintiff has underlying medical

conditions consistent with the pain she experiences. ALJ Shirley discounted Dr. Hillman's evaluation with the following words:

Dr. Hillman completed a pain assessment form and the undersigned finds it is inconsistent with her own treating records. The undersigned notes the claimant's pain has been described as "mild" and/or "minimal" by both consultative examiner and by Dr. Hillman. Also, the treatment records of Dr. Hillman do not indicate any clinical testing being performed to explain the reason for the claimant's alleged pain. The assessment of Dr. Hillman is apparently based, primarily on the claimant's subjective complaints and not on his clinical findings as reflected in the record.. [6] Accordingly, the undersigned assigns little weight to the opinion of Dr. Hillman concerning the level of the claimant's pain and finds that the claimant may reasonably be expected to have moder-

have a profound effect on quality of life. The natural instinct to avoid or reduce pain can prevent people from going about their regular day-to-day activities. It can cause a great deal of anxiety and can lead to serious depression.
*Peripheral Neuropathy, What Is It, available at* http://www.aidsmeds.com/lessons/Neuropathy 1.htm (last revised October 24, 2001) (last visited May 16, 2004).

4. The essential feature of Social Phobia (Social Anxiety Disorder) is a marked and persistent fear of social or performance situations in which embarrassment may occur. Exposure to the feared social situation almost invariably provokes anxiety which may take the form of a Panic Attack. The feared social or performance situations are avoided or else are endured with intense anxiety or distress. Avoidance of feared situations interferes significantly with the person's normal routine, occupational functioning, or social activities or relationships. *Diagnostic and Statistical Manual of Mental Disorders* (American Psychiatric Association 4th ed.1994) [hereinafter DSM–IV].

5. The law is clear that the ALJ must give substantial weight "to the opinion, diagnosis, and medical evidence of the claimant's treating physician." *Wiggins v. Schweiker,* 679 F.2d 1387 (11th Cir.1982). *See also Walker v. Bowen,* 826 F.2d 996(11th Cir.1987); *Smith v. Schweiker,* 646 F.2d 1075 (5th Cir.1981). The Eleventh Circuit has gone further to hold that where the Secretary ignores or fails to properly refute a treating physician's report, the findings in that report are to be accepted as true as a matter of law. *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir.1986). The Secretary must give "explicit and adequate reasons for rejecting the opinion of the treating physician." *Elam v. Railroad Retirement Board,* 921 F.2d 1210, 1215 (11th Cir.1991).

6. It is inconceivable to the court how the ALJ can reach this conclusion. The lesions of Hidradenitis Suppurative, a painful disabling disease, and the discharges therefrom are clearly visible. The odor is unpleasant. Rectal abscesses are visible. Rectal operations are documented.

ate or less pain. The claimant's allegations of pain and her treatment records are found to be inconsistent by the undersigned [7]

As to the ALJ's assertion that Dr. Hillman's assessment is based on plaintiff's subjective complaints of pain, even were there not visible objective signs, not all diseases are diagnosed objectively. In discussing subjective pain, our circuit has said the following:

> The Fifth and Eleventh Circuits have emphatically rejected the notion that to be disabling subjective claims of pain must be supported by objective medical evidence or by clinical or laboratory findings. *Walden v. Schweiker,* 672 F.2d 835, 840 ("It is well established in the Fifth and Eleventh Circuits that pain alone can be disabling, even when its existence is unsupported by objective evidence."); *Benson v. Schweiker,* 652 F.2d 406, 408–09 (5th Cir.1981) ("This court has held that subjective evidence of pain, as testified to by the claimant, when linked to a 'medically determinable impairment' may be sufficient to support a finding by the secretary of the inability to engage in any substantial activity, although testimony about the claimant's pain is based on the purely subjective experience of the patient and the existence of pain itself is unsupported by objective medical evidence."); *Ware v. Schweiker,* 651 F.2d 408, 412 (5th Cir. 1981) ("Thus, pain resulting from a 'medically determinable impairment,' even when its existence is unsupported by objective medical evidence, may of itself be so intense as to cause disability.")

*Wiggins v. Schweiker,* 679 F.2d 1387, 1390–91 (11th Cir.1982).

■ "The function of a reviewing court is limited to determining whether the Secretary's findings are supported by substantial evidence considering the evidence as a whole." *Mims v. Califano,* 581 F.2d 1211, 1213 (5th Cir.1978). "Substantial evidence is more than a scintilla, but less than a preponderance." *Bloodsworth v. Heckler,* 703 F.2d 1233, 1239 (11th Cir.

---

**7.** It is not the province of the ALJ to substitute his "medical opinion" for the medical opinion of the treating physician. This court particularly likes the language employed in the concurring opinion of Senior Circuit Judge Johnson denying this "right" in *Marbury v. Sullivan,* 957 F.2d 837, 840–41 (11th Cir.1992), a portion of which follows:

> An ALJ sitting as a hearing officer abuses his discretion when he substitutes his own uninformed medical evaluations for those of a claimant's treating physicians: "Absent a good showing of cause to the contrary, the opinions of treating physicians must be accorded substantial or considerable weight by the Secretary." *Lamb v. Bowen.* 847 F.2d 698, 703 (11th Cir.1988). ... An ALJ may, of course, engage in whatever idle speculations regarding the legitimacy of the claims that come before him in his private or personal capacity; however, as a hearing officer he may not arbitrarily substitute his own hunch or intuition for the diagnosis of a medical professional.

*See also Youngblood v. Shalala,* 1994 WL 722863, *4 (N.D.Ala.1994) The ALJ who is not a medical doctor may not arbitrarily reject uncontroverted medical testimony supporting disability. The opinion of consulting physician Drew Anthony who **only** performed a musculoskeletal examination of plaintiff at the request of Disability Determination does not discount the opinion of treating physician Hillman. The court notes that his opinion that plaintiff has mild right leg and back pain is limited to his one area of examination. He never addresses pain complaints from other medical conditions or expresses an opinion as to their severity. Furthermore, the regulations give preference to the opinion of the treating physician. 20 C.F.R. § 404.1527(d)(2). *See Lewis v. Callahan,* 125 F.3d 1436 (11th Cir.1997) ("The ALJ must clearly articulate the reasons for giving less weight to the opinion of a treating physician, and the failure to do so is reversible error.") (citing *MacGregor,* 786 F.2d at 1053).

1983). It is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. *Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842, 852 (1971). The court is still responsible for scrutinizing " 'the record in its entirety to ascertain whether substantial evidence supports each essential administrative finding.' " *Boyd v. Heckler,* 704 F.2d 1207, 1209 (11th Cir.1983) (quoting *Walden v. Schweiker,* 672 F.2d 835, 838 (11th Cir.1982)). The Eleventh Circuit has gone on to state the following:

> Our limited review does not, however, mean automatic affirmance, for although we defer to both the Secretary's fact-finding and her policy judgments, we must still make certain that she has exercised reasoned decision making. To this end, we evaluate the Secretary's findings in light of the entire record, not only that evidence which supports her position.

*Owens v. Heckler,* 748 F.2d 1511 (11th Cir.1984).

■ The court must further consider whether the decision of the Commissioner contains a material error of law. In *Walker v. Bowen,* 826 F.2d 996, 999 (11th Cir. 1987), the court held:

> Despite this limited review, we scrutinize the record in its entirety to determine the reasonableness of the secretary's factual findings. *Bridges,* 815 F.2d at 624; *Arnold v. Heckler,* 732 F.2d 881, 883 (11th Cir.1984). No similar presumption of validity attaches to the Secretary's legal conclusions, including determination of the proper standards to be applied in evaluating claims. *Wiggins v. Schweiker,* 679 F.2d 1387, 1389 (11th Cir.1982).

■ Having evaluated the evidence, the court holds that substantial evidence does not support the decision denying disability benefits. Improper legal standards were applied. The ALJ failed to apply the pain standard set by the Eleventh Circuit. The ALJ failed to give proper credence to the opinion of the treating physician. The ALJ failed to consider the combination of plaintiff's impairments.

■ Whenever a claimant asserts disability through testimony of pain or other subjective symptoms, the Eleventh Circuit standard requires:

1. evidence of an underlying medical condition and either

2) objective medical evidence confirming the severity of the alleged pain arising from that condition or

3) that the objectively determined medical condition is of such severity that it can reasonably be expected to cause the alleged pain.

*Holt v. Sullivan,* 921 F.2d 1221, 1223 (11th Cir.1991). See also *Elam v. Railroad Retirement Board,* 921 F.2d 1210, 1215 (11th Cir.1991); *Lamb v. Bowen,* 847 F.2d 698, 702 (11th Cir.1988); *Hand v. Heckler,* 761 F.2d 1545, 1548 (11th Cir.1985).

More recently, in *Wilson v. Barnhart,* 284 F.3d 1219, 1225 (11th Cir.2002), the court announced the pain standard as follows:

> In order to establish a disability based on testimony of pain and other symptoms, the claimant must satisfy two parts of a three-part test showing: (1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain.

In *Brown v. Sullivan,* 921 F.2d 1233 (11th Cir.1991), the court said:

> The claimant's subjective testimony supported by medical evidence that satisfies the standard is itself sufficient to

support a finding of disability. *Hale v. Bowen,* 831 F.2d 1007, 1011 (11th Cir. 1987); *MacGregor,* 786 F.2d at 1054; *Landry v. Heckler,* 782 F.2d 1551, 1552 (11th Cir.1986). If the Secretary decides not to credit such testimony, he must discredit it explicitly, *MacGregor* at 1054, and articulate explicit and adequate reasons for doing so. *Hale,* 831 F.2d at 1011. Failure to articulate the reasons for discrediting subjective pain testimony requires, as a matter of law, that the testimony be accepted as true. *Cannon v. Bowen,* 858 F.2d 1541, 1545 (11th Cir.1988); *Hale,* at 1011; *MacGregor,* at 1054.

*Brown v. Sullivan,* 921 F.2d at 1236.

Plaintiff's pain alone, as attested to by plaintiff's treating physician, is sufficient to establish her disability status. Too, her many medical conditions sufficiently support a finding of disability. It is clear the ALJ did not consider Ms. Jones's physical and mental disorders in combination.[8] Our circuit has established criteria to be followed to establish disability where both mental and physical impairments are involved. The question is whether, in light of all the evidence, it is medically demonstrable that from the operation of the mental-psychological defects on his general physical condition, it is improbable that he could obtain and hold gainful employment. *Broussard v. Gardner,* 382 F.2d 278 (5th Cir.1967). 42 U.S.C.A. §§ 405(g), 416(i), 423. The *Broussard* court referred to *Clinch v. Celebrezze,* 328 F.2d 778 (5th Cir.1964), in which the court set the standard for review: "determine whether there was substantial evidence to support the finding that appellant had failed to establish the existence of a medically determinable physical or mental impairment which rendered him unable to engage in any substantial gainful activity."

Standing alone, plaintiff's listed medical problems (many of which are obvious to the eye or nose and, therefore, are objectively established) are underlying conditions which can be expected to give rise to the pain of which she complains. Her physician believes her complaints of pain are genuine and opines the pain is disabling. Even were any one of plaintiff's disabling conditions insufficient to establish disability, the combining effect of physical, mental and emotional problems establishes a disabling condition under 20 C.F.R. § 416.923 (1996) Multiple impairments, a portion of which is set forth below:

> In determining whether your physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under the law, we will consider the combined effect of all of your impairments without regard to whether any such impairment, if considered separately, would be of a sufficient severity.

From the record set forth above plaintiff is clearly entitled to disability benefits. Anyone subject to the multiplicity of plaintiff's problems could reasonably expect the pain plaintiff suffers. The decision of the Commissioner is REVERSED. An order consistent with this opinion is being entered contemporaneously herewith.

### FINAL ORDER

In conformity with and pursuant to the memorandum opinion entered contemporaneously, it is

ORDERED, ADJUDGED and DECREED that the decision of the Commissioner of Social Security be and it hereby is REVERSED, and the case is REMANDED to the Commissioner with in-

---

**8.** Even without considering plaintiff's mental disorder, common sense dictates that some-one with the 13 physical disorders from which the plaintiff suffers cannot work.

structions that the plaintiff be granted the benefits claimed.