**Willard K. MANN, Appellant,**

v.

**John W. GARDNER, Secretary of Health, Education & Welfare, Appellee.**

**No. 24138.**

United States Court of Appeals
Fifth Circuit.
July 10, 1967.

---

David W. Palmer, Purl G. Adams, Crestview, Fla., for appellant.

C. W. Eggart, Jr., First Asst. U. S. Atty., Pensacola, Fla., Clinton Ashmore, U. S. Atty., Tallahassee, Fla., Eli Kaplan, Deputy Regional Atty., Dept. of Health, Education, and Welfare, Atlanta, Ga., for appellee.

Before GEWIN and AINSWORTH, Circuit Judges, and LYNNE, District Judge.

AINSWORTH, Circuit Judge.

This appeal is from a judgment of the district court affirming a final decision of the Secretary of Health, Education and Welfare which held that appellant is not entitled to the establishment of a period of disability under Section 216(i) of the Social Security Act, as amended (42 U.S.C.A. § 416(i)), and to disability insurance benefits under Section 223 of the Social Security Act, as amended (42 U.S.C.A. § 423).

Willard K. Mann, appellant, was born May 31, 1919, has an eighth-grade education, is married and has three children. He resides with his wife and children in Crestview, Florida. He worked as a laborer prior to entering the military service of the United States at the age of nineteen. After having served twenty-three years in service he was retired in 1961. His discharge papers bear the endorsement, "Permanently retired by reason of physical disability." During the course of military service appellant worked as a supply technician in various grades, serving as a supervisory warehouseman. In this capacity he directed the efforts of others in receiving, storing and issuing material and did some paper work in connection therewith. Subsequent to his retirement he sold frozen foods, which occupation he felt forced

to forego because of his physical condition. He has not worked since January 1963.

On May 4, 1962, appellant filed a claim for benefits under the Act alleging inability to work because of asthma, back and ear trouble. The claim was denied administratively by the Division of Disability Operations. However, at his request a formal hearing was held before a Hearing Examiner at which claimant alone appeared. Claimant testified that he desired to work but was unable to because of a painful back and an asthmatic condition. Based on his testimony and medical and lay documentary evidence, the Hearing Examiner found in his recommended decision of June 28, 1963, that appellant was not entitled to disability insurance or to a period of disability. A review of the Hearing Examiner's action was denied by the Appeals Council. This suit was then filed in the district court and both parties filed motions for summary judgment. Inasmuch as appellant's motion was supported by additional affidavits and statements, which the court had no jurisdiction to review, the court deferred judicial action and remanded the case to the Secretary for further administrative proceedings.

A new hearing was held before another Examiner on April 8, 1965, and the matter was considered de novo. At this hearing Dr. Philip B. Phillips, psychiatrist, and Dr. Joyce M. Chick, Assistant Professor of Guidance and Counseling at Florida State University, testified on behalf of the Government. Dr. Phillips testified relative to an examination of appellant on October 25, 1962. His diagnosis of appellant was "musculoskeletal reaction," a condition often conducive to lack of desire to work. He said that appellant was a sick man but that basically he had a neurotic disability manifested by back pain, some respiratory difficulty and a passive dependent relationship toward people. Dr. Chick testified as a vocational witness relative to whether claimant could be employed in the economy. The proposed exhibits on remand which were admitted at the hearing, plus all of the exhibits entered initially and the transcript of the original hearing, were made available for Dr. Chick's study prior to the remand hearing. In response to a hypothetical question which assumed that the claimant had a musculoskeletal condition involving his back, a respiratory condition and a mental disorder described as "musculoskeletal reaction" which, when considered collectively, place a marked limitation on ability to function workwise as he was subject to frequent asthmatic attacks on exertion, had severe pain when undertaking activities requiring the use of his arms or spine, and that the manifestation of these conditions were further aggravated by his mental disorder, Dr. Chick testified that under such circumstances such a person could not be substantially gainfully employed in the economy. In response to a further question which assumed that the same conditions enumerated did exist but did not reach such a degree of severity as to prevent the claimant from performing work activities of a light or sedentary nature which would not expose him to the elements and which would not subject him to prolonged standing, bending, or excessive lifting, Dr. Chick testified that there were jobs in the economy which the claimant could perform without any additional training such as mail sorter, timekeeper, egg candler, candy-wrapping machine operator, bag sealer, bander, bench hand (in the clock and watch industry), bolt reclaimer and ammunition sorter. Dr. Chick said that the jobs existed in the national economy and to a more limited extent in the local economy.

Subsequent to the second hearing but prior to the Examiner's decision, additional medical evidence was submitted by appellant, which consisted of a report from Dr. Fred M. Wood, orthopedic surgeon at the U. S. Air Force Hospital, stating that appellant was suffering from a herniated nucleus pulposus (ruptured disc in the back) at the fourth lumbar interspace. Because of this new finding, both parties were allowed to submit additional evidence, and a consultative exam-

ination was obtained by the Hearing Examiner, and performed by Dr. W. H. Langhorne, internist, for the purpose of determining whether or not there was any medical contraindication to surgery for the removal of a herniated disc. Dr. Langhorne found none. On July 15, 1965, appellant's claim was denied by the Hearing Examiner. Before the Appeals Council undertook a review of the Hearing Examiner's recommended decision, the Social Security Act was amended on July 30, 1965, and appellant's attorney was notified that the application of May 4, 1962 would also be considered under the new amendments by the Appeals Council.[1] In response to this notice appellant submitted additional documentary evidence. After examining the record, the Appeals Council arranged for a further consultative examination by Dr. C. F. Smith, orthopedic specialist, which was made on November 26, 1965. Although Dr. Smith could find no physical basis for many of appellant's complaints, it was his opinion that appellant had a small intervertebral herniated disc at the L-4, 5 interspace which could account for some of his symptoms with regard to back pain and some of his complaints. Dr. Smith was of the opinion that claimant "could be gainfully employed at many occupations which would not require sitting, bending or standing for prolonged periods but that he should be able to tolerate bench work particularly if braced and at the same time be given medications to control his arthritic symptoms with reference to the lumbosacral and cervical spine."

Appellant meets the special earnings requirements of the Act. The only issue on appeal is whether there was substantial evidence in the record to support the Secretary's decision that appellant was not entitled to a period of disability or to disability insurance benefits under the Act as it existed prior to the amendments of 1965 or as revised by the amendments.

We reverse and remand for the following reasons:

1. The decision of the Appeals Council, which adopted the recommended decision of the Hearing Examiner and became the final decision of the Secretary, is not supported by substantial evidence because it fails to explain satisfactorily certain new medical evidence of disability (hereinafter described), submitted to it by appellant subsequent to the decision of the Hearing Examiner. This evidence was additional to that of Dr. Fred M. Wood already referred to. Although the decision of the Appeals Council indicates that this new evidence was examined by it and refers to its inclusion in the record, it was not adequately evaluated, as we note from the following statement by the Appeals Council:

"The medical record as now constituted is voluminous and shows examination and/or treatment for varied complaints during and after the claimant's long military career. The Appeals Council does not propose to undertake in this decision an exhaustive discussion of the entire medical record. Such a discussion is not necessary as the hearing examiner carefully considered, in his recommended decision, the findings and conclusions shown in the various medical records and reports that there were before him both during and following the hearing."

The new medical evidence submitted by appellant is especially significant because it pertains to the recently estab-

1. Prior to the 1965 Amendments to the Social Security Act (42 U.S.C. § 301 et seq.), "disability" was defined as " * * * inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or be of long-continued and indefinite duration." The Amendments changed the definition of "disability" to impairments " * * * which can be expected to result in death or has lasted or can be expected to last for a continuous period of not less than 12 calendar months." Inasmuch as a judicial review of the Secretary's decision had not been completed prior to July 1965, the amended test of "disability" is applicable here. Section 303(f) (1), Public Law 89–97, July 30, 1965.

lished objective findings of a herniated disc and the effect of such a condition on appellant's ability to be substantially gainfully employed. As heretofore noted, this evidence was not before the Hearing Examiner prior to his recommended decision, upon which decision the Appeals Council heavily relies in its holding. The new evidence consists of the following:

a) A report and a letter by Dr. P. G. Batson, orthopedist, who examined claimant on July 7, 1965 at the request of the Veterans Administration and who was of the opinion that myelogram findings appeared definite enough to warrant a diagnosis of herniated nucleus pulposus, fourth lumbar interspace. It was his opinion that conservative treatment rather than surgery was advisable and that appellant "did not appear to be in any physical condition to be gainfully employed."

b) A letter to appellant's attorney from Dr. Thomas J. Vaughn of the Eglin U. S. Air Force Hospital, who had treated appellant on various occasions. He concurred in the findings of Dr. Fred M. Wood, the Air Force orthopedist. It was his opinion that because of appellant's physical condition he was unable to engage in substantial gainful employment, that such condition may continue for a long period of time and that surgery was not advisable.

c) A report submitted on a Veterans Administration Claim for Disability Insurance Benefits completed by Dr. Ian I. Irons of the Eglin U. S. Air Force Hospital, showing a diagnosis of herniated nucleus pulposus, lumbar spine, and bronchial asthma. No recent improvement was noted and appellant was considered incapable of doing any work.

d) A letter to appellant's attorney, dated September 9, 1965, from Dr. Philip B. Phillips, the psychiatrist who testified at the hearing that appellant's basic trouble was a neurotic disability manifested by back pain, described as "musculoskeletal reaction." This letter states in pertinent part: " * * * this is the first time that any medical reports which I have seen have definitely estab-

lished a reasonable suspicion of a herniated disc or nucleus. I would agree with your contention that if Mr. Mann does have a herniated disc it might very well be exceedingly difficult for him to be gainfully employed because such discs are usually quite painful."

2. The vocational witness, Dr. Joyce M. Chick, who testified at the remand hearing, predicated her statement that appellant could perform certain jobs on a hypothetical question which did not assume the existence of the new medically determined findings that appellant does in fact have a herniated disc. Furthermore, neither the findings of the Hearing Examiner nor those of the Appeals Council show that there was an opportunity for the claimant to compete for any of the several jobs enumerated by Dr. Chick in her testimony. Five lay witnesses reported that they would not employ appellant because of his physical disability.

■ As recently stated by this Court in Gardner v. Smith, 5 Cir., 1966, 368 F.2d 77 (decided subsequent to the present decision of the Appeals Council in this case):

"If a physical or mental impairment prevents one from obtaining a job, or from even being considered for the job, he is just as unable to engage in that activity as he would be were he unable to perform the work after he had obtained the employment. The ability to perform work existing in the appropriate labor market *requires a determination of whether the claimant would be considered for employment if a job vacancy occurred.* If, in practice, the claimant could not reasonably expect to be hired, then no job exists for him. The Act asks if the claimant is able to engage in substantial gainful work. If no one would hire him, he cannot engage in substantial gainful work. Extended to its broadest reaches, the Secretary's position would nullify the purpose of the Act, for, unless the claimant is bedridden and incapable of any movement, there most probably is some work he physically could do, though

there might be no likelihood that he could successfully *compete* for the job." (Emphasis supplied.)

The requirements imposed in evaluating disability as set forth in Gardner v. Smith, supra, and reiterated in our more recent decisions in Harrison v. Gardner, 5 Cir., 1966, 369 F.2d 172, and Bridges v. Gardner, 5 Cir., 1966, 368 F.2d 86, have not been met by the Secretary.

3. Appellant's counsel submitted a motion to supplement the record on appeal by certain documentary evidence. One of the documents attached to his motion is a letter of May 5, 1966, addressed to him from the Department of the Air Force, USAF Hospital Eglin, Eglin Air Force Base, Florida. The letter reads:

"Review of the medical records of Retired MSgt Willard Kenneth Mann, AF6965189, reveals the diagnosis of psychogenic musculoskeletal reaction, manifested by low back pain was not correct at the time of Sergeant Mann's retirement from service. Since that time our Orthopedic Surgeon, Dr. Fred Wood has given a diagnosis of herniated nucleus pulposus confirmed by myelogram. This change of diagnosis has been corrected in the military records as of 15 September 1965 showing Intervertebral disc syndrome, moderate, VA Code 5293."

Although this Court cannot review evidence not of record before the Secretary in determining the substantial evidence criteria, the import of this document is significant in view of the specific contrary finding heretofore made by the Hearing Examiner at the second hearing that "The evidence establishes that the claimant has a psychoneurotic condition (diagnosed as a musculoskeletal reaction) * · * *."

On remand the crucial issues set forth in this opinion must be resolved. Until this is done, we cannot determine whether the Secretary's findings are supported by substantial evidence so as to be conclusive. 42 U.S.C.A. § 405(g).

We are left with the firm conviction that the Appeals Council perfunctorily adopted the recommended decision of the Hearing Examiner without adequate evaluation of the newly discovered medical evidence. On remand the complete record may be used, as supplemented, additional, relevant evidence may be submitted by the parties, and a new decision must be reached on that total record. Cf. Frith v. Celebrezze, 5 Cir., 1964, 333 F.2d 557; Hayes v. Celebrezze, 5 Cir., 1963, 311 F.2d 648; Page v. Celebrezze, 5 Cir., 1963, 311 F.2d 757; Harrison v. Gardner, supra, and Bridges v. Gardner, supra.

Reversed and remanded.