James J. RUSH, and Mrs. Pluma R. Rush

v.

John W. GARDNER, Secretary of Health, Education and Welfare.

Civ. A. No. 1645.

United States District Court
N. D. Georgia,
Rome Division.

Aug. 8, 1967.

Dudley B. Magruder, Jr., Rome, Ga., for plaintiffs.

Charles L. Goodson, U. S. Atty., by Slaton Clemmons, Asst. U. S. Atty., for defendant.

SIDNEY O. SMITH, Jr., District Judge.

This is an action, originally brought under 42 U.S.C.A. § 405(g), in which plaintiff seeks review of a remand decision of the Secretary of Health, Education and Welfare wherein deductions were imposed against plaintiff's old age benefits. A more extensive discussion of the factual background of this case can be found in this Court's order of January 24, 1966, wherein this Court remanded the case to the Secretary for the purpose of determining "whether the profits of the rest home are includible in claimant's income for 1961 and what part, if any, of the rents during 1961, 1962, and 1963, are excessive and therefore allocable to the claimant as wages or earnings." As to this precise issue on remand, the Hearing Examiner ruled that the rent in question was not excessive. Therefore, if the inquiry had ended here, there could be no question as to the improper nature of the deductions. However, "[i]n furtherance of the order of remand, additional evidence, including income and other tax returns, was obtained pertaining to claimant's assets and income, as well as those of the business." This additional evidence revealed that claimant had a net self-employment income in 1962 of not less than $4,800.00 and in 1963 of not less than $2,757.63. These sums were in addition to the $1,200.00 salary he received each year from the nursing home. This income—the $4,800.00 in 1962 and $2,-757.63 in 1963—was derived from an agricultural enterprise consisting of raising and selling livestock. Claimant had not previously mentioned this activity nor had he made reference thereto in his Annual Report of Earnings for 1962, dated April 30, 1963. On the basis of this and other additional evidence, the Hearing Examiner found that claimant's earnings for 1961-65 were excessive within the meaning of § 203(f) (3). Further, it was found that the claimant was not free of fault in connection with the incorrect payment and recovery of the deductions would not be waived. The Hearing Examiner's decision was adopted by the Appeals Council. Claimant objected to the admission of this additional evidence at the supplemental hearing, again raising these objections before the Appeals Council and now before this Court. Claimant contends that the remand order was narrow in scope, i. e., limited to the precise question of the propriety and reasonableness of the rent received by the claimant from his sons and that the remand hearing should have been limited to that particular issue. Claimant points out that the issues have finally been narrowed after three years of litigation and argues that justice requires an orderly method of ending litigation. Claimant further contends that the Secretary should not be allowed to radically shift his grounds of attack at this stage in the proceedings. Claimant also contends that inadequate notice was given that the supplemental hearing was to be de novo. Consequently, if the Court decides that the additional evidence was properly admitted, then claimant should have an opportunity to submit additional evidence, i. e., an amended tax return for 1963.

Initially, it is important to note that this Court finds no evidence that the Secretary is using this shift in theory in an attempt to harass the party affected. Arguably, the taking of the additional testimony was allowable even within the narrow wording of the Court's order. This seems to have been the position of the Hearing Examiner and the

Chairman of the Appeals Council. However, the Secretary's memorandum on this motion suggests a broader position. The Secretary considered the hearing de novo at least to such extent as to allow taking of additional evidence on the ultimate question of the actual income of claimant during these years. Both parties skillfully omit any citation of authority for their respective positions as to the permissible scope of the remand hearing.

■■ The basic element in claimant's argument is that all issues previously litigated and not specifically alluded to in the Court's order are now res judicata. A decision on this objection requires an analysis of the doctrine of res judicata as applied in the administrative law area and of the inner structure of the particular administrative process under consideration here. In reference to res judicata as related primarily to reopening, but also to rehearing, reargument, and reconsideration, Professor Davis had these remarks.

> When statutes are silent and legislative intent unclear, agencies and reviewing courts must work out the practices and the limits on reopening * * *. Usually the search for a basic principle to guide reopening is futile; the results usually must *reflect the needs that are unique to each administrative task*. Factors to be weighed are the advantages of repose, the desire for stability, the importance of administrative freedom to reformulate policy, the extent of party reliance upon the first decision, the degree of care or haste in making the earlier decision, the general equities of such problem.

DAVIS, ADMINISTRATIVE LAW TEXT § 18.09 at 337 (1959). While Professor Davis' discussion is not precisely on point, it does illustrate that the traditional rigidity of the res judicata doctrine is relaxed and somewhat qualified in the administrative processes. See DAVIS, ADMINISTRATIVE LAW TEXT § 18.03 and § 18.12 (1959).

■■ Much of the case law on the question of remand deals with the burden upon the plaintiff to show good cause to have a case remanded. See, e. g., Mann v. Gardner, 380 F.2d 182 (5th Cir. 1967); Varnado v. Flemming, 175 F.Supp. 706 (E.D.La.1959); Butler v. Folsom, 167 F.Supp. 684 (W.D.Ark. 1958). Generally, these cases authorize a de novo hearing including the use of the complete record and any additional evidence that may be submitted by the parties. See, e. g., Mann v. Gardner, supra; Frith v. Celebrezze, 333 F.2d 557 (5th Cir. 1964); Wray v. Folsom, 166 F.Supp. 390 (W.D.Ark.1958). However, in cases where the remand order is more specific, the authority is not so extensive. One case does seem to stand out and is helpful on the question. Stull v. Ewing, 102 F.Supp. 927 (S.D.N.Y.1950), held that the remand hearing included the specific question sent back but was not limited to this question and additional testimony taken on remand as to other questions was admissible. This decision is consistent with the general proposition that the Secretary's decision on remand must be made upon the entire record. Moreover, an examination of the regulations governing the Secretary reveals a degree of flexibility within this particular agency. See, e. g., 20, C.F.R. §§ 404.801, 404.805, 404.956, 404.957, 404.958, 404.959.

■■ Accordingly, it is the decision of this Court that it was proper for the Secretary to take this additional evidence at the remand hearing. Beyond this ruling lies the question of basic fairness to the parties. Claimant raises the objection that inadequate notice was given of the nature of the remand hearing and asks that this Court consider additional evidence. This Court does not have the authority to actually consider this evidence, but due to the alleged uncertainty as to the legal requirements on the scope of the remanded hearing and due to the alleged inadequacy of the notice as to the scope of the remand hearing, it seems only fair that the Secretary

should consider this additional evidence also.

As great is the desire to terminate this matter for the sake of the parties and the court and as reluctant is the impulse to prolong this legal investigation, the ultimate goal must be the true facts regarding the claimant's complete financial status at the time in question. Obviously, neither party will suffer from this regrettable delay. Accordingly, the matter is further remanded for hearing, after adequate notice, on the full issue of claimant's standing to obtain the benefits in question.

It is so ordered.