Otha J. SPRADLIN on behalf of Kevin O. Spradlin, Plaintiff,

v.

The UNITED STATES of America, and John W. Gardner, Secretary of Department of Health, Education, and Welfare, Defendants.

No. 2639.

United States District Court
D. Montana,
Great Falls Division.
April 29, 1968.

Rapcoch & McKinney, Lewistown, Mont., for plaintiff.

Robert T. O'Leary, Asst. U. S. Atty., Butte, Mont., for defendants.

## OPINION AND ORDER

RUSSELL E. SMITH, District Judge.

In an opinion and order dated January 11, 1967, 262 F.Supp. 502 the court remanded this case to the Secretary for *further proceedings in conformity with the court's opinion.* The court found the Appeals Council of the Social Security Administration, had not properly applied the presumption created by R.C.M., 1947, § 93–1301–7(30). The court directed:

"The cause is therefore remanded to the Secretary with instructions to treat the presumption of marriage as evidence and to weigh against the presumption the other facts to determine whether or not the presumption has been overcome."

In addition to information from two counties secured before the case was appealed to this court, the Appeals Council, on remand, also checked the records of nine other cities and counties. These cities and counties represented the residences of the wage earner during the crucial period from 1952 to 1957. The wage earner's residences were gleaned from social security records. The divorce records in these locations uniformly indicated that the wage earner had not divorced his first wife, Marilyn, when he and Theresa began living together. From this, the Appeals Council concluded that the presumption of a valid marriage between the wage earner and Theresa had been overcome. The product of that union was not, therefore, a son of the wage earner, entitled to social security benefits for the period prior to September, 1965.

Prior to its decision, the Appeals Council had notified the claimant's attorney of the new evidence and had sent him a copy of the exhibits (R. 171). Claimant's attorney objected to the introduction of any new evidence on the ground:

(1) The court order had not empowered the Appeals Council to consider new evidence.

(2) He had not been advised of the reopening of the case for the submission of other evidence.

(3) He was not advised of the nature of the evidence adduced. (R. 169)

The Appeals Council advised claimant's attorney that he had sixty days within which to submit further pertinent evidence or comments. (R. 168) Claimant's attorney failed to respond and four months later the Appeals Council denied benefits to Kevin Spradlin for the period before 1965.

The Government has moved for summary judgment under Rule 56(b).

Even though the claimant has failed to file an opposing brief, a consideration of his objections demonstrates that they are unmeritorious.

(1) On remand, the Appeals Council may consider new evidence without an enabling order from the district court. Rush v. Gardner, 273 F.Supp. 753, 755 (N.D.Ga. 1967); Stull v. Ewing, 102 F. Supp. 927, 929 (S.D.N.Y.1950), aff'd 194 F.2d 707 (2nd Cir. 1952). In any event the order of the court on remand could be reasonably interpreted to require additional evidence on the deceased's marital status prior to 1957.

(2) Claimant was advised that new evidence had been adduced and was granted sixty days to meet the same.

(3) Claimant knew the nature of the new evidence because copies of the exhibits were forwarded to him.

A motion for summary judgment should be granted if no genuine issue as to a material fact appears and the *moving party is entitled to judgment as a matter of law.* Rule 56, F.R.Civ.Proc.

The Appeals Council finding that Kevin was not entitled to social security benefits by reason of the wage earner's death is supported by substantial evidence. See 42 U.S.C. § 405(g).

The Appeals Council proceeded in the most efficacious and economically practical manner to prove the negative that at the time of his cohabitation with Theresa, the deceased was not divorced from his former wife and therefore lacked the capacity to enter into a common law relationship. The presumption of a valid marriage may be overcome if the divorce records from the residences of the wage earner reveal that he was not divorced from his former wife or had not had the marriage annulled. In re Smith's Estate, 33 Cal.2d 279, 201 P.2d 539 (1949); Gainey v. Flemming, 279 F.2d 56 (10 Cir. 1960). 35 Am.Jur. Marriage § 219 (1941). In this case, records from the wage earner's residences between 1952 and 1957, as well as his former wife's apparent lack of independent knowledge about a divorce (R. 97) furnish substantial evidence to rebut the presumption of a marriage to Theresa.

The motion for summary judgment is granted and plaintiff is denied all relief.