George BOWEN, SS # 252–78–4071, Plaintiff-Appellant,

v.

Margaret M. HECKLER, Secretary of Health and Human Services, Defendant-Appellee.

No. 83–8606.

United States Court of Appeals, Eleventh Circuit.

Dec. 13, 1984.

---

5. At this hearing, the appellant shipowner may also present evidence as to the space occupied by seamen on the ANTILLES, which is excluded from the gross tonnage of the ship to reach the "tonnage" figure which is multiplied by $60 to obtain the amount of the section 183(b) fund. *See* 46 U.S.C. § 183(b), (c). We think that the shipowner properly has the burden of proof on the calculation of "tonnage" under section 183(c).

James A. Messner, Columbus, Ga., for plaintiff-appellant.

Jack B. Hood, Asst. U.S. Atty., Macon, Ga., for defendant-appellee.

Before GODBOLD, Chief Judge, CLARK, Circuit Judge, and THOMAS *, District Judge.

CLARK, Circuit Judge:

The appellant, George Bowen, brought this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3) to obtain judicial review of a final decision of the appellee Secretary of Health and Human Services who denied his claim for disability insurance benefits and for supplemental security income benefits under Titles II and XVI of the Social Security Act respectively. Jurisdiction is founded on 28 U.S.C. § 1291. Because the findings and decision of the Secretary are contrary to substantial evidence in the record, we reverse and remand for entry of an award in favor of the claimant.

George Bowen is 33 years of age and has previously worked as a medical orderly and janitor's helper. He alleged disability beginning on March 20, 1981 due to poor eye-hand coordination, low back pain, leg pain and a learning handicap. His physical and mental conditions since birth had been spina-bifida occulta, arrested hydrocephalus, retardation and a heart lesion. On June 24, 1981, the appellant filed applications for a period of disability, disability insurance benefits and supplemental security income with the Social Security Administration. These applications were denied.

Thereafter, a hearing was held before an administrative law judge. The administrative law judge found as a fact that Mr. Bowen received a high school special education and that he had previously worked as an orderly. Additionally, it was found that he met the special earnings require-

* Honorable Daniel H. Thomas, U.S. District Judge for the Southern District of Alabama, sitting by designation.

ment of the Act and that he was suffering from the following impairments: (1) low back pain without significant musculo-skel-etal complications; (2) learning handicap with an ability to perform simple, unskilled work; and (3) poor eye/hand coordination with vision of 20/30 in each eye. The administrative law judge also found that his past work did not require fine vision or complex work skills and that his impairments did not prevent the performance of his past work as an orderly. After finding that Mr. Bowen was not under a disability as defined by the Act, the administrative law judge decided that he was not entitled to a period of disability, disability insurance benefits or supplemental security income under the Social Security Act as amended.

In response to the appellant's request for review, the Appeals Council concluded that there was no basis under the regulations for granting a request for review. As a result, it denied the appellant's request. This denial caused the administrative law judge's decision to stand as the final decision of the Secretary. Because his administrative remedies were exhausted, the appellant appealed to the United States District Court for the Middle District of Georgia. The district court found that there was substantial evidence upon which the administrative law judge could have based its decision and accordingly granted the Secretary's motion for summary judgment.

It is from this background that the court currently reviews this case. A comprehensive examination of the record is essential to a proper determination of the issues presented.

## I. Review of the Record

The administrative law judge considered the testimony taken at the hearing, several exhibits, and the medical reports of Doctors Andrew Cox, Paul Mandeville, Richard Dodelin, Robert Shumate, Joseph Kersey, Julian Sizemore and the Medical Center of Columbus.

In evaluating the evidence as to a disability due to a learning handicap, the administrative law judge considered the psycholog-ical evaluation by Dr. Joseph Kersey who personally examined the appellant. After recognizing that Mr. Bowen was diagnosed as having mild retardation, the administrative law judge stated:

> Dr. Kersey felt that claimant does not have adequate capabilities to give or take instructions, to meet deadlines, and perform other organizational demands sufficient to be acceptable to the average work environment, but he did feel that claimant attains scores on the WAIS–R sufficiently high to indicate that he might be able to obtain simple, unskilled work that did not require independence of action. Claimant did not reveal indica-tions of marked constriction of daily interests · or · activities or serious impairment in his ability to relate to other individuals. There was also no evidence of significant depression, agitation, or anxiety or strong deterioration of personal habits. The Administrative Law Judge concludes that claimant's condition is not of sufficient severity to produce disability.

*Record* at 14.

Dr. Kersey, however, made observations which contradict the ALJ's conclusion:

> It is my professional opinion that Mr. Bowen does not have adequate capabilities to give or take instructions; to meet deadlines; and to perform other percep-tual/organizational demands sufficient to be acceptable to the average work environment.
>
> In summary, it is my opinion that while psychological testing and objective data do not meet published guidelines for establishing disability on psychological reasons *alone*, the *psychological reasons in conjunction with his physical impairments* and other difficulties make him disabled for gainful employment.

*Id.* at 225 (emphasis added).

Next, the administrative law judge considered a letter from Dr. Richard Dodelin, an orthopedic surgeon, that related to Mr. Bowen's disability due to low back pain. The administrative law judge concluded that Mr. Bowen's condition was "not of

sufficient severity to produce disability" and that it was not "so frequent ... as to preclude all substantial gainful activity." *Id.* at 14–15. Dr. Dodelin's letter indicates that he considered Mr. Bowen's eye problems, his complaints of lower back pain and the fact that he was retarded in concluding that he was "employable but would have to be employed around his disabilities." *Id.* at 175. It did not appear that Dr. Dodelin considered the impact of Mr. Bowen's psychological problems in combination with his other impairments when he recommended that Mr. Bowen was employable.

The administrative law judge then considered a report by Dr. Robert Shumate. The report indicated that with his glasses Mr. Bowen had vision of 20/30 and that his vision would improve to 20/25 if his prescription was changed. Based on Dr. Shumate's report, the administrative law judge determined that "[w]hile [Mr. Bowen] could not perform substantial gainful activity which required fine vision, none of the medical evidence shows his condition to be of sufficient severity to produce disability." *Id.* at 14. Without further explanation, the administrative law judge concluded that Mr. Bowen was "not suffering from an impairment or a combination of impairments of sufficient severity to prevent him from engaging in any substantial gainful activity for a period of at least 12 continuous months [and that he] retain[ed] the functional capacity to perform his customary work as an orderly." *Id.* at 15.

Also before the administrative law judge were two significant documents from Mr. Bowen's former supervisors. In the first sworn document, Mr. E.H. Ruffner, who was the manager of the J.C. Penney Store in which Mr. Bowen had previously been employed, indicated that he was familiar with Mr. Bowen and his employment record with the company. He then mentioned:

> PENNEY's has a policy of attempting to employ the handicapped and in conformity with said policy we hired GEORGE M. BOWEN in a simple maintenance position.

MR. BOWEN was discharged ... because he was unable to perform even the simple tasks assigned to him. He was unable to follow instructions and his lack of hand-eye coordination and slowness made it impossible to retain him as an employee. Even simple tasks such as mopping or sweeping had to be redone as his bad eyesight and lack of hand-eye coordination hampered his performance to the extent that his work was not acceptable.

> *We would not rehire MR. BOWEN for any position with this company because of his combination of handicaps.* In my personal opinion he would be in danger of injuring himself if employed in even the most simple job.

*Id.* at 185 (emphasis added).

The second sworn document was a statement from Connie Jo Pavey, an RN who had supervised Mr. Bowen when he was an orderly at the Columbus Intermediate Care Nursery Home on a daily basis. She stated:

> Based on my observation, I would state that *the combination of his disabilities or impairments make it impossible for him to obtain or keep a job requiring any degree of hand-eye coordination or the ability to follow instructions.* George not only appears to be mentally retarded but he also complains of back and eye problems and he completely lacks the ability to follow instructions. While employed at the Intermediate Care Nursery Home his duties could be described as those of a messenger boy and frequently he would become confused and he could not even follow these simple instructions.

> He is unable to perform even simple tasks such as filing or separating materials as instructed. Because of his bad vision and lack of coordination he was constantly suffering minor injuries of various types. I would not recommend or hire him for any job requiring decision making or dealing with people. I personally do not feel he is capable of perform-

ing even the most menial tasks without danger of injuring himself.

*Id.* at 186 (emphasis added).

With his request for review by the Appeals Council of the hearing decision, Mr. Bowen attached three additional documents. The first document was a sworn statement by Wallace F. Veaudry, the Director of General Services at the Medical Center in Columbus, Georgia. This affidavit pointed out that Dr. Veaudry had observed Mr. Bowen's performance as a messenger/runner for approximately three years. In it, Dr. Veaudry also suggested:

> Based on my observations, I would state that the *combination of his disabilities and impairments* make it impossible for him to perform the most menial tasks. He needs constant supervision, is extremely forgetful and I would hesitate to be responsible for his actions.
>
> I would not recommend him or hire him for any job. I do not feel he is capable of performing even meniall [sic] tasks and also fear that he would be very susceptible to injury.

*Id.* at 226 (emphasis added).

The next and most significant document submitted was a vocational opinion from Mr. Joe W. Mann, a vocational consultant. After reviewing the reports in the record, he concluded that Mr. Bowen "could not return to his past relevant work or to any other type of work." *Id.* at 233. It was his opinion that:

> While the medical evidence concerning Mr. Bowen's orthopedic and visual impairment suggest that he has the physical functioning capacity for a wide variety of unskilled work, the psychological evidence demonstrates that he lacks the mental capacities to function successfully in a competitive, work environment. The above opinion is based upon the following considerations:
>
> 1. Mr. Bowen has been unsuccessful in the performance of simple, repetitive work as documented by his former supervisors. Their statements correlate with the findings and conclusions of Dr. Kersey's psychological evaluation. I believe that the best predictor of future work performance is the record of past job performance.
>
> 2. There is no unskilled work which requires less attention and concentration than his past job as a janitor or messenger boy. Further, the hand-eye coordination movements in these two unskilled positions would be less exact and demanding than most unskilled jobs (e.g. assembling, machine tending, sorting).
>
> 3. Dr. Kersey's findings that the claimant lacks the mental capacities to function in even simple, menial (unskilled) work was most persuasive. His short attention span, his inability to follow and complete instructions, his inability to meet competitive employment deadlines, his hand-eye coordination deficients were all cited by Dr. Kersey; and importantly these mental impairments were corroborated by his two former supervisors.

*Id.* at 233.

The last document submitted was a letter from Dr. Kersey in which he reemphasized:

> [O]ne point may be amplified: Few employers—if any—are willing to provide the constant and immediate supervision that would be required for Mr. Bowen to adequately perform substantial gainful employment. It continues to be my professional opinion that Mr. Bowen does not have adequate capabilities to give or take instructions; to meet deadlines; and to perform other perceptual/organizational demands sufficient to be acceptable to the average work environment.

*Id.* at 235.

The Appeals Council considered all of these documents. However, in denying Mr. Bowen's request for review it indicated that: (1) Mr. Veaudry's statement was not material to the issue of his capacity to work as it applied only to his performance on past jobs; (2) the vocational report was immaterial because, among other things, it equated his past job performance with his

current capabilities; and (3) Dr. Kersey's report did not contain information that was not considered by the administrative law judge.

Neither the Appeals Council nor the district court discussed whether Mr. Bowen's psychological and physical impairments, when considered in combination, would cause Mr. Bowen to be disabled within the meaning of the Act.

## II. *Standard of Review*

The standard of review in social security disability cases is whether the findings and the decision of the Secretary are supported by substantial evidence. If so, a reviewing court may not substitute its judgment for that of the Secretary and the decision of the Secretary is conclusive. *See Vaughn v. Heckler*, 727 F.2d 1040 (11th Cir.1984); *Arnold v. Heckler*, 732 F.2d 881 (11th Cir. 1984).

This appeal presents two issues. First, whether the decision of the Secretary is supported by substantial evidence. The second issue presented is whether the administrative law judge applied the correct legal standards in reaching its conclusion.

## III. *The Combined Effects of the Appellant's Impairments—A Crucial Issue Not Addressed*

A review of the record establishes that the administrative law judge viewed the evidence from the standpoint of determining whether Mr. Bowen was, by virtue of *each condition alone*, statutorily disabled. It also suggests that the Appeals Council did not adequately evaluate the additional evidence. Rather, "it perfunctorily adhered to the decision of the [administrative law judge]." *Epps v. Harris*, 624 F.2d 1267, 1273 (5th Cir.1980). We have previously been unable to hold that the Secretary's findings were supported by substantial evidence under circumstances such as these. *Id.*

In *Strickland v. Harris*, 615 F.2d 1103 (5th Cir.1980), the administrative law judge "failed to address at all a fact issue ... which was essential to a conclusion of no

disability, namely, the degree of impairment caused by the *combination* of physical and mental medical problems." *Id.* at 1110. The administrative law judge had addressed the claims separately but had devoted "no discussion and made no fact-findings as to disability indicated as arising from the interaction or cumulation of even those medical problems whose existence he acknowledged or did not rule out." *Id.* Because this "crucial issue," as the court characterized it, was not addressed, the decision that the claimant was not disabled could not be upheld.

In *Brenem v. Harris*, 621 F.2d 688 (5th Cir.1980), we again emphasized the importance of considering the combined effect of a claimant's impairments. We noted that "it is certain that mental and psychological defects can combine with physical impairments to create total disability to perform gainful employment." *Id.* at 690 (citations omitted). *See also Wiggins v. Schweiker*, 679 F.2d 1387, 1392 (11th Cir.1982) ("ALJ must consider not only the disabling effect of each of the appellant's ailments individually, but also the combined effect of all of the appellant's impairments.").

In *Reeves v. Heckler*, 734 F.2d 519, 525 (11th Cir.1984), we pointed out that administrative law judges do not follow the regulations when they fail to consider the combination of a claimant's impairments. The regulations provide:

> [W]e can combine unrelated impairments to see if together they are severe enough to keep you from doing substantial gainful activity. We will consider the combined effects of unrelated impairments only if all are severe and expected to last 12 months.

20 C.F.R. § 404.1522 (1984).

In *Reeves*, we also indicated that where an administrative law judge considers a claimant's impairments separately but not together the regulations require "that the case be remanded for further consideration under the *appropriate standards.*" *Reeves v. Heckler*, 734 F.2d at 525 (emphasis added).

Our conclusion reached in these cases is now bolstered by the recently enacted Social Security Disability Benefits Reform Act of 1984 which amended two pertinent sections of the Social Security Act. The amendments require the Secretary to "consider the *combined effect* of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity."[1]

Thus, we hold that where, as here, a claimant has alleged a multitude of impairments, a claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling. In such instances, it is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled. *See Reeves v. Heckler*, 734 F.2d 519 (11th Cir.1984); *Wiggins v. Schweiker*, 679 F.2d 1387 (11th Cir.1982); *see also Farley v. Celebrezze*, 315 F.2d 704, 708 (3d Cir.1963) ("Just as all physical and all mental impairments must be taken into account in determining the extent of disability, so may physical and mental impairments in their totality result in a finding of disability."); *Tingling v. Secretary of Health and Human Services*, 575 F.Supp. 905, 909 (S.D.N.Y.1983) ("the ALJ, must view the individual claimant as a whole; disability claimants are not to be evaluated as having several isolated symptoms."); *Karp v. Schweiker*, 539 F.Supp. 217, 220 (N.D.Calif.1982) (Each illness, standing alone and measured in the abstract, may not be disabling. But disability claimants are not to be evaluated as having several hypothetical and isolated illnesses."); *Stewart v. Harris*, 509 F.Supp. 31, 35 (N.D.Calif.1980) ("[I]t is ... essential that the ALJ make a specific and well-articulated finding as to the effect of the combination of impairments.").

## IV. *Conclusion*

In deciding whether to reverse, we are faced with the question of whether reversal is appropriate where: (1) the administrative law judge has failed to apply the correct legal standards to the evidence presented to him; and (2) new evidence, which the administrative law judge did not consider, was submitted to the Appeals Council.

We have previously emphasized that the "[f]ailure to apply the correct legal standards or to provide the reviewing court with the sufficient basis to determine that the correct legal principles have been followed is grounds for reversal." *Wiggins v. Schweiker*, 679 F.2d 1387, 1389 (11th Cir.

1. Social Security Disability Benefits Reform Act, Pub.L. No. 98–468 (Oct. 9, 1984). The Act amends Titles II and XVI of the Social Security Act. One portion of the Act provides:

 *Multiple Impairments.* Sec. 4.

 (a)(1) Section 223(d)(2) of the Social Security Act is amended by adding at the end thereof the following new subparagraph:

 "(C) In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under this section, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity. If the Secretary does find a medically severe combination of impairments, the combined impact of the impairments shall be considered throughout the disability determination process."

 (b) Section 1614(a)(3) of such Act is amended by adding at the end thereof the following new subparagraph:

 "(G) In determining whether an individual's physical or mental impairment or impairments are of a sufficient medical severity that such impairment or impairments could be the basis of eligibility under this section, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity. If the Secretary does find a medically severe combination of impairments, the combined impact of the impairments shall be considered throughout the disability determination process."

 (c) The amendments made by this section shall apply with respect to determinations made on or after the first day of the first month beginning after 30 days after the date of the enactment of this Act. *Id.*

1982). Thus, reversal is warranted on this ground.

We have also commented on the limitations on the courts where a claimant has submitted additional evidence that was not considered by the administrative law judge or the Secretary. In *Epps v. Harris*, 624 F.2d 1267 (5th Cir.1980), the claimant submitted additional evidence to the Appeals Council. Because the Appeals Council merely acknowledged the submission of new evidence, the court found that it was required to remand the case to the Secretary "for a determination of the [claimant's] disability eligibility reached on the total record." *Id.* at 1273. In *Johnson v. Harris*, 612 F.2d 993 (5th Cir.1980), the claimant submitted additional evidence on appeal. It was indicated that "this Court is limited to an examination of the evidence before the ALJ and is not allowed to consider this new evidence in deciding if the administrative decision was correct. However, the existence of new evidence can create 'good cause' for remand to the ALJ for additional findings." *Id.* at 998–99. Thus, the case was reversed and remanded.

Both *Epps* and *Johnson* followed the decision reached in *Mann v. Gardner*, 380 F.2d 182 (5th Cir.1967). In *Mann* the claimant submitted additional evidence to the Appeals Council and filed a motion to supplement the record on appeal. The court indicated that the Appeals Council had not adequately evaluated the new evidence submitted and also noted that it could not review evidence not of record before the Secretary in determining the substantial evidence criteria. Thus, the case was reversed and remanded with directions for a new decision to be reached on the total record.

However, in *Western v. Harris*, 633 F.2d 1204, 1206 (5th Cir.1981), the court stated that "judicial review of decisions of the Secretary denying benefits under the Social Security Act is both provided for and limited by 42 U.S.C. § 405(g)." That section provides in part:

The court shall have power to enter, upon pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Secretary, with or without remanding the cause for a rehearing.

42 U.S.C.A. § 405(g). Thus, in *Vitek v. Finch*, 438 F.2d 1157 (4th Cir.1971), the court interpreted § 405(g) and stated: "Where the Secretary's determination is in clear disregard of the overwhelming weight of the evidence, Congress has empowered the courts to modify or reverse the Secretary's decision *'with or without remanding the case for a rehearing.'* " *Id.* at 1158 (emphasis added). Because the *Vitek* court found that there was not substantial evidence on the record as a whole to support the Secretary's denial of benefits, it reversed the judgment of the district court and remanded the case for an entry of an order awarding disability benefits.

 In this case remand to the Secretary is unnecessary. This case can be distinguished from *Johnson*, *Epps*, and *Mann*. As in *Johnson*, the Appeals Council did not adequately consider the additional evidence. However, this failure alone does not require us to remand where there are additional grounds upon which a reversal is warranted. Moreover, this is not a case such as *Epps* and *Mann* where additional evidence, that was not before the Secretary, has been submitted for the first time to this court. Here, all of the essential evidence was before the Appeals Council and the Secretary when their decisions were rendered. The evidence submitted to the Appeals Council was cumulative. The evidence submitted to the administrative law judge established without any doubt that Bowen was disabled from engaging in gainful employment. The evidence of his former supervisors was uncontradicted that while engaged in the most simple jobs Bowen was in danger of injuring himself. His disabilities, namely, poor eye-hand coordination, low back pain, leg pain, learning handicap associated with retardation, arrested hydrocephalus, and heart lesion, when considered in combination, leave no doubt as to his inability to work. This was

the conclusion of the expert witnesses, none of whose testimony was contradicted.

Since on the record submitted the administrative law judge and the Appeals Council should have awarded Bowen disability insurance benefits and supplemental security income benefits under Titles II and XVI of the Social Security Act respectively, we remand to the district court for entry of an order directed to the Secretary of Health and Human Services that such an award be made.

REVERSED AND REMANDED.