Delores C. OWENS, Plaintiff,

v.

Kenneth S. APFEL, Commissioner, Social Security Administration, Defendant.

No. CIV.A.1:98–CV2740TWT.

United States District Court, N.D. Georgia, Atlanta Division.

Nov. 23, 1999.

Charles Lee Martin, Office of Charles L. Martin, Decatur, GA, for Delores C. Owens, plaintiff.

Robert David Powell, Office of United States Attorney, Atlanta, GA, for Kenneth S. Apfel, defendant.

## ORDER

THRASH, District Judge.

██ This is an appeal from the Commissioner's denial of Social Security disability benefits. It is before the Court on the Report and Recommendation of the Magistrate Judge [Doc. No. 11–1], recommending affirming the decision of the Commissioner. The review of the Commissioner's decision is not a *de novo* review. The Court may not re-weigh the evidence or substitute its own judgment for that of the Commissioner. *Graham v. Bowen,* 790 F.2d 1572, 1574 (11th Cir.1986); *Barnes v.*

*Sullivan,* 932 F.2d 1356, 1358 (11th Cir. 1991). The Commissioner's findings must be affirmed if they are supported by substantial evidence. *Barnes,* 932 F.2d at 1358. Substantial evidence is more than a mere scintilla. It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quoting *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971)).

Plaintiff filed her application for disability benefits on December 21, 1994. The application was denied initially and on reconsideration. Plaintiff received a hearing before an Administrative Law Judge ["ALJ"] on November 6, 1996. The ALJ issued a decision on January 30, 1997, denying the application on the grounds that Plaintiff was not disabled as defined by the Social Security Act. On July 7, 1998, the Appeals Council ["AC"] denied Plaintiff's request for review of the decision of the ALJ. Plaintiff then filed this action for review of the decision of the Commissioner denying her application.

The Report and Recommendation of the Magistrate Judge recommends affirming the decision of the Commissioner. The Magistrate Judge rejected the arguments of Plaintiff that the ALJ erred by failing to pose a comprehensive hypothetical question to the vocational expert, erred by improperly rejecting medical evidence, and erred by failing to develop the record fully. The Court approves and adopts the Report and Recommendation of the Magistrate Judge as to these issues. The Magistrate Judge also rejected Plaintiff's claim that new evidence warrants a remand to the Commissioner. The new evidence consists of a medical report dated July 7, 1998, from Dr. Frazier Todd. The report states that Plaintiff cannot work because of her foot problems and recommends that she be considered as permanently disabled. The report is attached as an exhibit to the Plaintiff's Brief filed in this action on February 22, 1999. The medical report was never submitted to the ALJ or the AC. The Magistrate Judge rejected this claim

based upon a recent decision of the Eleventh Circuit. In view of a recent district court decision questioning whether the case relied upon by the Magistrate Judge is the law of the circuit, this final issue requires some discussion.

■ In *Falge v. Apfel,* 150 F.3d 1320 (11th Cir.1998), the Eleventh Circuit addressed the following question: "What consideration should be afforded ... new evidence by reviewing courts when the AC denied review of the ALJ's decision?" *Id.* at 1322. The Court noted that it had previously held "that the new evidence is part of the record on appeal." *Id.* (citing *Keeton v. Dept. of Health and Human Svcs.,* 21 F.3d 1064, 1066 (11th Cir.1994)). The court then observed that the circuits addressing this question have followed different approaches. The court agreed with the circuits recognizing that reviewing evidence never presented to the ALJ puts the reviewing court in the unfamiliar position of acting as the fact finder. It then adopted the general approach of the Seventh Circuit in *Eads v. Secretary of Dept. of Health and Human Svcs.,* 983 F.2d 815 (7th Cir.1993)and held: "Thus, this will be our rule: when the AC has denied review, we will look only to the evidence actually presented to the ALJ in determining whether the ALJ's decision is supported by substantial evidence." *Id.* The court did note that 42 U.S.C. § 405(g) permits courts to remand a case to the Social Security Administration for consideration of newly discovered evidence.

To succeed on a claim that remand is appropriate, Falge would have had to show that (1) new, noncumulative evidence exists, (2) the evidence is material such that a reasonable possibility exists that the new evidence would change the administrative result, and (3) good cause exists for the applicant's failure to submit the evidence at the appropriate administrative level.

*Id.* In this case, the Magistrate Judge applied this analytical framework and found that Plaintiff had not shown good cause for failing to submit the new medical report during the administrative review of her case.

■ The Court agrees entirely with the Magistrate Judge's application of the *Falge* analysis. There is now, however, a district court opinion holding that *Falge* is not the law in the Eleventh Circuit. In *Maroney v. Apfel,* 57 F.Supp.2d 1250 (N.D.Ala.1999), Judge Guin held that *Falge* is contrary to prior circuit precedent, including *Epps v. Harris,* 624 F.2d 1267 (5th Cir.1980); *Mann v. Gardner,* 380 F.2d 182, 187 (5th Cir.1967); *Daniel v. Gardner,* 390 F.2d 32 (5th Cir.1968); and *Bowen v. Heckler,* 748 F.2d 629 (11th Cir. 1984). Judge Guin then concluded that "[a]ll of the above cases suggest that it has long been the law of this circuit that courts may consider evidence first submitted to the Appeals Council in determining whether substantial evidence supports the Commissioner's decision." *Maroney,* 57 F.Supp.2d at 1260. He then concluded that following the rule of *Walker v. Mortham,* 158 F.3d 1177, 1188–89 (11th Cir. 1998), he was required not to follow *Falge.*

It does not appear to the undersigned that *Falge* is clearly inconsistent with prior binding precedent. For example, in *Johnson v. Harris,* 612 F.2d 993 (5th Cir.1980), the court held:

Of course, this Court is limited to an examination of the evidence before the ALJ and is not allowed to consider this new evidence in deciding if the administrative decision was correct. However, the existence of new evidence can create "good cause" for remand to the ALJ for additional findings.

*Id.* 612 F.2d at 998–99 (citing *Mann v. Gardner,* 380 F.2d 182, 187 (5th Cir.1967)). This case was cited with approval by the court in *Bowen v. Heckler,* 748 F.2d 629, 636 (11th Cir.1984) for the proposition that the existence of new evidence can create "good cause" for remand to the ALJ for additional findings. Finally, in *Keeton v. Dept. of Health and Human Svcs.,* 21 F.3d 1064, 1066 (11th Cir.1994), the court held:

Under 42 U.S.C. § 405(g) the court may remand this case to the Secretary for consideration of new evidence if the court finds that the new evidence is material and that good cause exists for Keeton's failure to incorporate this evidence into the record in the proceedings before the ALJ.

*Id.* at 1067. It remanded the action to the district court for the district court "to apply the three prong standard for remand to the Secretary." *Id.* at 1068 (citing *Caulder v. Bowen,* 791 F.2d 872, 877 (11th Cir.1986) (requirements for obtaining a remand include establishing new, noncumulative evidence; the evidence is material, that is, relevant and probative so that a reasonable probability exists that it would change the administrative results; and good cause for failure to submit the evidence at the administrative level)). The court in *Falge* explicitly cited this portion of the opinion in *Keeton* in holding that 42 U.S.C. § 405(g) governs the consideration of newly discovered evidence not presented to the ALJ.

This Court does not believe that *Falge* is directly contrary to the holdings of the cases cited by Judge Guin in *Maroney.* The cases cited by Judge Guin do not explicitly articulate that newly discovered evidence is governed by 42 U.S.C. § 405(g), but they are not inconsistent with that. Accordingly, the Court concludes that the Magistrate Judge in this case properly followed *Falge* in addressing Plaintiff's claim that remand is necessitated by the new medical report. After carefully considering the Report & Recommendation of the Magistrate Judge [Doc. No. 11–1], together with the Objections thereto, the Court RECEIVES IT WITH APPROVAL and ADOPTS it as the Order and Judgment of this Court.