Kenneth E. **PEPKA**, Plaintiff,

v.

Kenneth S. **APFEL**, Commissioner, **Social Security Administration,** Defendant.

Civil Action No. 99–40078–NMG.

United States District Court, D. Massachusetts.

Sept. 20, 2000.

Walter J. Avis, Worcester, MA, for plaintiff.

Anita Johnson, United States Attorney's Office, Boston, MA, for defendant.

### MEMORANDUM & ORDER

GORTON, District Judge.

Pending before this Court is an action to review a final decision of defendant, the Commissioner of the Social Security Administration ("the Commissioner"), denying to the plaintiff, Kenneth Pepka ("Pepka"), Social Security Disability Insurance benefits for a period of disability under the Social Security Act ("the Act"). *See* 42 U.S.C. §§ 405(g), 1383(c). Pending before this Court is the Commissioner's motion for an order affirming his decision (Docket No. 11).

### I. *Procedural Background*

In February, 1995 Pepka applied for Social Security Disability Benefits ("DIB"), alleging that he was unable to work from October 3, 1994 to the date of the application due to back pain. The Commissioner denied Pepka's application initially and upon reconsideration.

In June 1997 Pepka again filed an application for DIB which was denied initially and upon reconsideration. Pepka filed a request for a hearing by an Administrative Law Judge ("ALJ"). The ALJ considered the case and found, on May 15, 1998, that Pepka was not disabled and that he could perform light or sedentary work. In February, 1999, the Appeals Council denied review, thereby rendering the ALJ's determination a final decision subject to judicial review. *See Da Rosa v. Secretary of Health and Human Services*, 803 F.2d 24, 25 (1st Cir.1986).

On September 2, 1999 Pepka filed a complaint seeking judicial review of the ALJ's decision. Pepka requests, pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), that this Court reverse that decision.

### II. *Factual Background*

Pepka, who worked as an automotive machinist, sustained two injuries to his lower back in 1978 and 1988. Neither of the injuries prevented Pepka from returning to work. In October, 1994, Pepka suffered a similar injury while working over a truck fender. A physician diagnosed Pepka with low back strain and prescribed painkillers. Tests performed in October, 1994 and January, 1995 indicated that Pepka suffered from degenerative disc disease. Pepka's physician recommended that he avoid work that involved bending and lifting.

Pepka underwent surgery in July, 1995 in an effort to alleviate continuing pain in his lower back and left leg. He entered several courses of physical therapy in 1995 and was released by his physician to perform light to sedentary work.

Pepka continued to complain of pain in his lower back and reduced mobility in 1996, but that pain did not prevent him from occasionally engaging in activities such as bike-riding and walking. Pepka's physician suspected that he suffered from

pseudoarthrosis and performed surgery on Pepka in March, 1997. The surgery revealed, however, that Pepka did not suffer from pseudoarthrosis.

Later that month, his physician reported that he was pleased with Pepka's progress and again released Pepka to perform light work. In July, 1997, a physician who reviewed Pepka's records to determine his residual functional capacity ("RFC") also concluded that he could perform light to sedentary work. Another reviewing physician reached that same conclusion in October, 1997.

Throughout 1997 and 1998, Pepka continued to complain of pain in his lower back, for which he sought treatment, first, by a chiropractor and later, by a pain specialist. He also suffered some depression and anxiety, for which he sought psychiatric help. Pepka did not return to work following his 1994 injury and he remained unemployed through 1998, receiving worker's compensation for that entire period.

### III. Analysis

#### A. Standard of Review

Judicial review of a final decision of the Commissioner is limited by 42 U.S.C. §§ 405(g), 1383(c)(3). The statute authorizes this Court to review the pleadings and the transcript of the record of the proceeding of a final determination by the Commissioner and to affirm, modify or reverse the decision, with or without remanding the cause for a rehearing. *See id.* The Commissioner's factual findings must be affirmed if they are supported by substantial evidence in the record and are in accord with the law. *See id.; Irlanda Ortiz v. Secretary of Health and Human Services,* 955 F.2d 765, 769 (1st Cir.1991).

Even where the record can be construed to support another conclusion, the Commissioner's decision must be upheld if it was supported by substantial evidence. *See Rodriguez Pagan v. Secretary of Health and Human Services,* 819 F.2d 1, 3 (1st cir.1987), *cert. denied,* 484 U.S. 1012, 108 S.Ct. 713, 98 L.Ed.2d 663 (1988); *see*

*also Richardson v. Perales,* 402 U.S. 389, 401, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). The Commissioner, not this Court, must weigh the credibility of witnesses, draw inferences from the record, and resolve conflicts in the evidence. *See Perales,* 402 U.S. at 400, 91 S.Ct. 1420; *Irlanda Ortiz,* 955 F.2d at 769; *Evangelista v. Secretary of Health and Human Services,* 826 F.2d 136, 141 (1st Cir.1987).

#### B. Disability Determination

To establish entitlement to disability benefits, a claimant must show that he is disabled within the meaning of the Social Security Act. *See Bowen v. Yuckert,* 482 U.S. 137, 146–47, n. 5, 107 S.Ct. 2287, 96 L.Ed.2d 119 (1987). The Act states that a person suffers from a disability when he cannot engage in any substantial, gainful activity because of a medically determinable condition which can be expected to cause death or to continue for at least twelve months. *See* 42 U.S.C. §§ 416(i)(1), 423(d)(1)(A), 1382c(a)(3)(A).

A claimant is not entitled to disability benefits merely because he suffers from a medically verifiable impairment. Such an impairment must be so severe that the claimant is not only unable to perform his past work, but also, considering his age, education and work experience, unable to perform any other kind of substantial, gainful work in the national economy. *See* 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B); *see also* 20 C.F.R. §§ 404.1520(e), (f), 416.920(e), (f); *Bowen,* 482 U.S. at 142, 107 S.Ct. 2287; *McDonald v. Secretary of Health and Human Services,* 795 F.2d 1118, 1120 (1st Cir.1986).

#### C. The Findings of the ALJ

After weighing the evidence, the ALJ concluded that Pepka was incapable of lifting more than 20 pounds without experiencing severe back pain and could not return to his previous work as an auto machinist. The ALJ found, however, that Pepka possessed sufficient RFC to perform light to sedentary work. The ALJ

further determined that Pepka did not suffer from any psychological condition that would prevent him from performing such work.

The ALJ next considered whether the Social Security Administration ("SSA") had met its burden of proof to show that jobs which Pepka could perform based upon his age, experience and condition existed in sufficient numbers in the national economy. After applying the SSA's Medical–Vocational Guidelines, the ALJ found that enough such jobs do exist. *See* 20 C.F.R., Subpart P, Regulation no. 4. The ALJ concluded that Pepka was capable of making an adjustment to light and sedentary work and, thus, was not "disabled" within the meaning of the Act.

■ The ALJ's decision was supported by substantial evidence in the record which showed that Pepka's back pain was not disabling within the meaning of the Act. Pepka's treating physician released him to perform light to sedentary work several times between 1995 and 1997. Two physicians reviewing Pepka's medical records agreed with that recommendation. Pepka himself stated that he walked several miles a day at different points during that period of time, rode his bicycle sometimes, and put together puzzles, all of which indicate the capacity to perform light to sedentary work. The ALJ could not explore Pepka's claim that he suffered from depression and anxiety because Pepka failed to produce evidence of treatment.

■ The ALJ determined that Pepka's persistent claims of severe pain were not entirely credible in light of all the evidence in the record. The ALJ noted that Pepka (1) did not always need pain medication, (2) engaged in some physical activity, and (3) claimed to be able to lift 10–20 pounds. Although Pepka claimed that his capacity to work was limited by a "war injury" which he suffered in 1967, he was able to lift 100–pound engines at work before his injury in 1994. The ALJ also noted that Pepka, despite claiming an inability to perform even light to sedentary work, attempted to find a job during the period in which he claims that he was "disabled". This Court must accept the ALJ's credibility determinations with regard to Pepka's complaints of severe back pain and inability to work. *See Perales*, 402 U.S. at 400, 91 S.Ct. 1420; *Irlanda Ortiz*, 955 F.2d at 769; *Evangelista*, 826 F.2d at 141.

■ Pepka has submitted for this Court's review a letter written in August, 1998 by his treating physician which states that the physician would support Pepka's disability application. The Defendant correctly points out that this Court may not receive and consider evidence outside the record of the administrative proceeding. *See Mann v. Gardner*, 380 F.2d 182 (5th Cir.1967); *Huckabee v. Richardson*, 468 F.2d 1380 (4th Cir.1972). This Court may not, therefore, weigh the letter as evidence.

## IV. Conclusion

In reviewing the ALJ's decision this Court is limited to determining only whether there was substantial evidence in the record to support the ALJ's finding that Pepka is not disabled within the meaning of the Act. *See Lizotte v. Secretary of Health and Human Services*, 654 F.2d 127, 128 (1st Cir.1981). This Court finds that there is substantial evidence in the record to support the Commissioner's determination that Pepka failed to establish that he was disabled and that he was not entitled to receive disability benefits.

## ORDER

For the foregoing reasons, the Commissioner's motion to affirm his decision (Docket No. 11) is **ALLOWED.**

**So ordered.**