Linda S. EARLY, Plaintiff,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant.

Civil Action No. 05–G–1023–NE.

United States District Court, N.D. Alabama, Northeastern Division.

Feb. 27, 2007.

Darryl W. Hunt, Clark & James LLC, Birmingham, AL, for Plaintiff.

Lane H. Woodke, U.S. Attorney's Office, Birmingham, AL, Natalie Jemison, Social Security Administration–Office of General Counsel, Atlanta, GA, for Defendant.

## *MEMORANDUM OPINION*

GUIN, District Judge.

The plaintiff, Linda S. Early, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security benefits. Plaintiff timely pursued and exhausted her administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, at 1239 (citations omitted). Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth*, at 1239.

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish her entitlement for a peri-

od of disability, a claimant must be disabled. The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. . . ." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I). For the purposes of establishing entitlement to disability benefits, physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R. § 404.1520(a)-(f). The Commissioner must determine in sequence:

(1) whether the claimant is currently employed;

(2) whether she has a severe impairment;

(3) whether her impairment meets or equals one listed by the Secretary;

(4) whether the claimant can perform her past work; and

(5) whether the claimant is capable of performing any work in the national economy.

*Pope v. Shalala*, 998 F.2d 473, 477 (7th Cir.1993); *accord McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir.1986). "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment. If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job." *Pope* at 477; *accord Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir.1995). The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers. *Id.*

In the instant case, ALJ Russell W. Lewis determined the plaintiff met the first two tests, but concluded that while she has an impairment or impairments considered "severe," she did not suffer from a listed impairment. The ALJ found the plaintiff unable to perform her past relevant work. Once it is determined that the plaintiff cannot return to her prior work, "the burden shifts to the [Commissioner] to show other work the claimant can do." *Foote*, at 1559. Furthermore, when, as is the case here, a claimant is not able to perform the full range of work at a particular exertional level, the Commissioner may not exclusively rely on the Medical–Vocational Guidelines (the grids). *Foote*, at 1558–59. The presence of a nonexertional impairment, pain, also prevents exclusive reliance on the grids. *Foote*, at 1559. In such cases "the [Commissioner] must seek expert vocational testimony." *Foote*, at 1559.

## THE STANDARD WHEN THE CLAIMANT TESTIFIES SHE SUFFERS FROM DISABLING PAIN

 In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms." *Foote*, at 1560.

The pain standard requires (1) evidence of an underlying medical condition and either (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition or (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain.

*Foote*, at 1560 (quoting *Holt v. Sullivan*, 921 F.2d 1221, 1223 (11th Cir.1991)). In

this circuit medical evidence of pain itself, or of its intensity, is not required.

While both the regulations and the *Hand* standard require objective medical evidence of a condition that could reasonably be expected to cause the pain alleged, *neither requires objective proof of the pain itself.* Thus under both the regulations and the first (objectively identifiable condition) and third (reasonably expected to cause pain alleged) parts of the *Hand* standard *a claimant who can show that his condition could reasonably be expected to give rise to the pain he alleges has established a claim of disability and is not required to produce additional, objective proof of the pain itself. See* 20 CFR §§ 404.1529 and 416.929; *Hale* at 1011.

*Elam v. Railroad Retirement Bd.,* 921 F.2d 1210, 1215 (11th Cir.1991) (parenthetical information omitted) (emphasis added). Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." *Foote* at 1561. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, she must be found disabled unless that testimony is properly discredited.

■■■ When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

It is established in this circuit that if the Secretary fails to articulate reasons for refusing to credit a claimant's subjective pain testimony, then the Secretary, as a matter of law, has accepted that testimony as true. Implicit in this rule is the requirement that such articulation of reasons by the Secretary be supported by substantial evidence.

*Hale v. Bowen,* 831 F.2d 1007, 1012 (11th Cir.1987). Therefore, if the ALJ either fails to articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true.

## THE STANDARD FOR REJECTING THE TESTIMONY OF A TREATING PHYSICIAN

■■■ As the Sixth Circuit has noted: "It is firmly established that the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim." *Hall v. Bowen,* 837 F.2d 272, 276 (6th Cir.1988). "The testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986); *accord Elam v. Railroad Retirement Bd.,* 921 F.2d 1210, 1216 (11th Cir. 1991). In addition, the Commissioner "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight...." *MacGregor,* 786 F.2d at 1053. If the Commissioner ignores or fails to properly refute a treating physician's testimony, as a matter of law that testimony must be accepted as true. *MacGregor,* 786 F.2d at 1053; *Elam,* 921 F.2d at 1216. The Commissioner's reasons for refusing to credit a claimant's treating physician must be supported by substantial evidence. *See MacGregor,* 786 F.2d at 1054; *cf. Hale v. Bowen,* 831 F.2d 1007, 1012 (11th Cir.1987)(articulation of reasons for not crediting a claimant's subjective pain testimony must be supported by substantial evidence).

## WHEN THE CLAIMANT HAS MULTIPLE IMPAIRMENTS

■■■ When a claimant has multiple impairments they must be considered in combination.

[A] claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling. In such instances, it is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled. *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir.1984).

## DISCUSSION

The plaintiff claims disability because of back pain and depression. The record reflects that she has been diagnosed with degenerative disc disease of the lumbar spine and disc herniation. An MRI examination of the lumbar spine performed July 18, 2001, shows disc desiccation and disc space narrowing at the L5–S1 vertebrae, with some bilateral neuroforamina encroachment. [R 209]. Also, a cervical MRI performed June 27, 2001, reveals a bulging annulus at the C4–5, C5–6 and T1–2 vertebrae, with mild spondylosis[1] changes. A September 3, 2002, x-ray of the lumbar spine shows a probable pars defect at L5–S1 [R 283], and Steven B. Fuller, D.O., recommended a further MRI[2] to evaluate a possible L5 compression fracture, and prescribed Lortab for pain. [R 285–286].

In applying the 11th Circuit's pain standard, the ALJ stated that "[t]he medical evidence shows that the claimant has underlying medical conditions, but it does not support the claimant's allegations of limitation of function to the degree that it would preclude all substantial activity." [R 20]. This is an improper and inaccurate interpretation of the third prong of the pain standard, which states "that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain." *Foote*, at 1560. The ALJ stated that the plaintiff's "allegations of disabling pain are inconsistent with her daily activities which include doing housework and yardwork, caring for her dogs and her horse, grocery shopping and occasionally going fishing, as she informed the consultative psychologist during the evaluation that took place in April 2002." [R 20–21]. The activities of daily living[3] recited by the ALJ do not support a finding that the plaintiff's pain testimony is not true. The ability to perform the limited activities noted by the ALJ does not rule out the presence of disabling pain. The ability to watch television, do occasional shopping, or perform other sporadic activities does not mean the plaintiff is not disabled. In this circuit it has been recognized that "participation in everyday activities of short duration, such as housework or fishing" does not disquali-

---

1. Spondylosis is defined as "ankylosis [immobility and consolidation of a joint due to disease, injury, or surgical procedure] of a vertebral joint," and "a general term for degenerative changes due to osteoarthritis." *Dorland's Illustrated Medical Dictionary* 1564, 86 (28th Edition).

2. The records indicate that the plaintiff had already had one lumbar and one cervical MRI examination. The ALJ concluded that because she failed to obtain this third MRI, "it must be assumed that her back pain improved on its own." [R 21]. While the plaintiff may be excused from noncompliance with pre-

scribed treatment, the ALJ is not excused from this fallacious leap in logic, especially because the ALJ failed to carry the Commissioner's burden of proving unjustified noncompliance. *Dawkins v. Bowen*, 848 F.2d 1211, 1214 (11th Cir.1988).

3. While the Commissioner's consulting psychologist reports that the plaintiff states she engages in these activities, it is clear from a review of the record [e.g., R 91, 96] and the plaintiff's testimony [R 371–373] that the plaintiff's participation in these activities is limited.

fy a claimant from disability. *Lewis v. Callahan,* 125 F.3d 1436, 1441 (11th Cir. 1997). As has been noted:

> [S]tatutory disability does not mean that a claimant must be a quadriplegic or an amputee. Similarly, shopping for the necessities of life is not a negation of disability and even two sporadic occurrences such as hunting might indicate merely that the claimant was partially functional on two days. *Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity.* . . . It is well established that sporadic or transitory activity does not disprove disability.

*Smith v. Califano,* 637 F.2d 968, 971–72 (3rd Cir.1981)(emphasis added). It is the ability to engage in gainful employment that is the key, not whether a plaintiff can perform minor household chores or drive short distances. In *Easter v. Bowen,* the court observed as follows:

> Moreover, an applicant need not be completely bedridden or unable to perform any household chores to be considered disabled. *See Yawitz v. Weinberger,* 498 F.2d 956, 960 (8th Cir.1974). What counts is the ability to perform as required on a daily basis in the "sometimes competitive and stressful" environment of the working world. *Douglas v. Bowen,* 836 F.2d 392, 396 (8th Cir.1987) (quoting *McCoy v. Schweiker,* 683 F.2d 1138, 1147 (8th Cir.1982) (en banc)).

867 F.2d 1128, 1130 (8th Cir.1989). The *Easter* court further noted that "[e]mployers are concerned with substantial capacity, psychological stability, and steady attendance. . . ." 867 F.2d at 1130 (quoting *Rhines v. Harris,* 634 F.2d 1076, 1079 (8th Cir.1980)).

■ With this standard in mind, it is clear that the ALJ's articulated reasons for rejecting the plaintiff's pain testimony are not supported by substantial evidence. Therefore, the ALJ failed to satisfy the requirements of *Hale.* The conclusion of that court is equally appropriate in the instant case. "[T]he Secretary has articulated reasons for refusing to credit the claimant's pain testimony, but none of these reasons is supported by substantial evidence. It follows, therefore, that claimant's pain testimony has been accepted as true." *Hale,* at 1012.

■ The ALJ relied on the report of Thomas J. Boll, Ph.D., the Commissioner's consulting psychologist, in concluding that the plaintiff's allegation of depression is not credible. [R 21]. "During the psychological evaluation of April 2002," the ALJ found, "no evidence of any mental disorder was found. Moreover, the claimant is under no treatment for depression or any other mental disorder." [R 21]. However, treating physician's progress notes consistently reference depression, and note that the plaintiff has been prescribed antidepressants (Zoloft and Paxil) for a number of years[4] [see, e.g., R 115, 125, 132, 140, 145, 153, 156, 162, 197, and 274]. The ALJ's blatant and patently false conclusion that the plaintiff is under no treatment for depression is not supported by substantial evidence.

■ The ALJ further erred by failing to consider obesity as a factor in determining the plaintiff's residual functional capacity. Although the listing for obesity is no longer in force, the Commissioner must determine at step three of the sequential process whether the plaintiff's obesity in combination with other impairments, equals one of the other listed impairments. SSR 02–1p. The plaintiff's treating physicians repeatedly listed obesity in their treatment notes. [See, e.g., R 144, 162, 163, 167, 173, 197, 225, 242, 244, 265, and 275]. However, the ALJ did not find obe-

---

**4.** The plaintiff testified that she has suffered from depression from age 15.

sity to be a severe impairment[5]. Nor did he adequately evaluate the plaintiff's obesity in combination with her other impairments. When a claimant has multiple impairments they must be considered in combination.

> [A] claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling. In such instances, it is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled.

*Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir.1984).

 While it may be argued that the plaintiff's impairments of pain, depression and obesity, when considered individually, may not give rise to a finding of disability, it is clear to the court that, considering the combination of her impairments, the plaintiff is disabled within the meaning of the Social Security Act. Moreover, the VE testified that if the plaintiff's pain testimony were credited, all work activity would be precluded [R 382]. Therefore, the Commissioner failed to carry her burden at step five of the sequential analysis and the plaintiff is disabled within the meaning of the Social Security Act.

An appropriate order will be entered contemporaneously herewith.

### FINAL ORDER

In conformity with and pursuant to the memorandum opinion entered contemporaneously herewith, it is

ORDERED, ADJUDGED and DE-CREED that the decision of the Commissioner of the Social Security Administration is hereby REVERSED, and the case is REMANDED to the Commissioner with instructions that the plaintiff be awarded the benefits claimed. It is

FURTHER ORDERED that the Commissioner withhold from payments that are determined to be due the plaintiff under this order an amount not to exceed 25 percent of the total amount of disability benefits to which the plaintiff is entitled, pursuant to the provisions of 42 U.S.C. § 406(b). The Commissioner is directed to advise the court of the amount withheld so that the matter may be set for final determination of the amount of attorney's fee to be allowed plaintiff's counsel for services rendered in representing plaintiff in this cause.

It is further ORDERED pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, that plaintiff's attorney is hereby granted an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration. *This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.*

---

**5.** The only mention of obesity in the ALJ's decision was this statement about the Commissioner's consultative physical examination: "The examination revealed that the claimant was obese weighing 246 pounds on a 62 inch frame." [R 19]. This results in a Body Mass Index ("BMI") of 45. The BMI is calculated as weight divided by height squared ($w/h^2$). According to the Clinical Guidelines of the National Institutes of Health, a BMI equal to or greater than 40 is termed extreme obesity. 2000 WL 628049 (S.S.A.).