Rachel STANTON, o/b/o
J.C.N., Plaintiff,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant.

Civil Action No. 05–G–02181–NE.

United States District Court,
N.D. Alabama,
Northeastern Division.

March 12, 2007.

Darryl W. Hunt, Clark & James LLC, Birmingham, AL, for Plaintiff.

Arthurice T. Brundidge, Social Security Administration–Office of General Counsel, Atlanta, GA, Lane H. Woodke, U.S. Attorney's Office, Birmingham, AL, for Defendant.

## MEMORANDUM OPINION

J. FOY GUIN, JR., United States District Judge.

Rachel Stanton, on behalf of her son, J.C.N., brings this action pursuant to the

provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying his application for Supplemental Security Income (SSI).[1] For purposes of this opinion, the plaintiff referred to will be J.C.N., the child, rather than his mother, because the legal standards apply to him and his impairments. Plaintiff timely pursued and exhausted his administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g).[2]

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir.1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Bloodsworth*, at 1239. Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.*

## STATUTORY AND REGULATORY FRAMEWORK

In order for a child (a person under 18) to qualify for disability benefits and establish his entitlement for a period of disability, he must be disabled as that term is defined under the Social Security Act and the Regulations promulgated thereunder. Under the Regulations in order for a child to be found disabled, he must "have a medically determinable physical or mental impairment or combination of impairments that causes marked and severe functional limitations, and that can be expected to cause death or that has lasted or can be expected to last for a continuous period of not less than 12 months...." 20 CFR 416.906. A *physical or mental impairment* is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 20 CFR 404.1508.

The Regulations provide a three-step sequential determinative process for children rather than the five-step process used for adults. The ALJ must determine whether:

1) The child is engaged in substantial gainful activity.

2) The child has a medically determinable severe impairment or combination of impairments.

3) The impairment meets, or is medically equal to, or is functionally equal to an impairment included in the Listing of Impairments in Appendix 1 of Subpart P of the Regulations.

20 C.F.R. § 416.924(a)-(d). If the answer to the first question is no and to the re-

---

1. In general, the legal standards applied are the same regardless of whether a claimant seeks Disability Insurance Benefits (DIB) or Supplemental Security Income (SSI). However, separate, parallel statutes and regulations exist for DIB and SSI claims. Therefore, citations in this opinion should be considered to refer to the appropriate parallel provision as context dictates. The same applies to citations of statutes or regulations found in quoted court decisions.

2. 42 U.S.C. § 1383(c)(3) renders the judicial review provisions of 42 U.S.C. § 405(g) fully applicable to claims for SSI.

maining two is yes, then a finding of disability is required.

## FINDINGS OF THE ALJ

In the instant case, ALJ Russell W. Lewis determined the plaintiff had not engaged in gainful activity since the alleged onset date of disability. He further found that J.C.N. suffers from the severe impairment of attention deficit hyperactivity disorder ("ADHD"), but that the severity of this impairment does not meet or medically equal a listed impairment. Thus, the plaintiff met the first two prongs of the test, but the ALJ concluded the plaintiff did not suffer from a listed impairment nor from an impairment equivalent to a listed impairment. Thus, the ALJ found J.C.N. not to be disabled and denied him benefits.

## FACTUAL AND PROCEDURAL BACKGROUND

J.C.N. was born August 12, 1994, and was nine years old at the time of the administrative hearing. He claimed disability because of ADHD and post-traumatic stress disorder ("PTSD"), with an onset date of December 14, 2001. Benefits were denied by the Social Security Administration initially, and a request for hearing was timely filed. On February 17, 2004, after an administrative hearing, the ALJ denied benefits as well. The Appeals Council denied J.C.N.'s request for review on August 23, 2005. The ALJ's decision thus became the Commissioner's final decision on that date.

## WHEN THE CLAIMANT HAS MULTIPLE IMPAIRMENTS

■ When a claimant has multiple impairments they must be considered in combination:

[A] claim for social security benefits based on disability may lie even though none of the impairments, considered individually, is disabling. In such instances, it is the duty of the administrative law judge to make specific and well-articulated findings as to the effect of the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled.

*Bowen v. Heckler,* 748 F.2d 629, 635 (11th Cir.1984).

## THE STANDARD FOR REJECTING THE TESTIMONY OF A TREATING PHYSICIAN

■ As the Sixth Circuit has noted: "It is firmly established that the medical opinion of a treating physician must be accorded greater weight than those of physicians employed by the government to defend against a disability claim." *Hall v. Bowen,* 837 F.2d 272, 276 (6th Cir.1988). "The testimony of a treating physician must ordinarily be given substantial or considerable weight unless good cause is shown to the contrary." *MacGregor v. Bowen,* 786 F.2d 1050, 1053 (11th Cir. 1986); *accord Elam v. Railroad Retirement Bd.,* 921 F.2d 1210, 1216 (11th Cir. 1991). In addition, the Commissioner "must specify what weight is given to a treating physician's opinion and any reason for giving it no weight...." *MacGregor,* 786 F.2d at 1053. If the Commissioner ignores or fails to properly refute a treating physician's testimony, as a matter of law that testimony must be accepted as true. *MacGregor,* 786 F.2d at 1053; *Elam,* 921 F.2d at 1216. The Commissioner's reasons for refusing to credit a claimant's treating physician must be supported by substantial evidence. See *MacGregor,* 786 F.2d at 1054; cf. *Hale v. Bowen,* 831

F.2d 1007, 1012 (11th Cir.1987)(articulation of reasons for not crediting a claimant's subjective pain testimony must be supported by substantial evidence).

## DISCUSSION

■ The ALJ erred as a matter of law in failing to include PTSD[3] and oppositional defiant disorder[4] ("ODD") in his analysis of whether J.C.N.'s severe impairments in combination meet or medically equal a listed impairment. J.C.N.'s mother testified that when the child was four years old, he witnessed his stepmother brandish a loaded handgun and threaten to kill J.C.N.'s father. [R. 264–265]. She also testified that J.C.N. admitted to her and mental health counselors that he was sexually abused as many as 15 times by his father's brother.[5] [R. 266]. A psychiatric evaluation by Roza Cieszkowski, M.D., of Mountain Lakes Behavioral Healthcare ("Mountain Lakes"), revealed that J.C.N. was seen in that clinic "at age 4 for some behavioral problems." [R. 125]. Beginning in April of 1999, J.C.N. was seen by Dr. Cieszkowski of Mountain Lakes for adjustment disorder and disturbance of conduct. [R. 146]. The treatment records from Mountain Lakes reveal a four-year history of medical evaluation and psychotherapy of J.C.N., with diagnoses of ADHD and PTSD. [R. 114–147].

In July of 2003, J.C.N. began treatment by Bill Chitwood, M.D., a psychiatrist, and Fran McKoy, M.S.W., at Cullman Area Mental Health Authority, Inc. Spanning some five months, Dr. Chitwood's treatment records[6] indicate diagnoses of ADHD, PTSD and ODD. [R. 162–176]. Medications prescribed by Dr. Chitwood were Ritalin, Focalin and Risperdal (an antipsychotic drug) for ADHD, and Zoloft (an antidepressant drug) for PTSD. [R. 186].

In his decision, the ALJ did mention that "[c]laimant was seen for therapy either every week or every other week for post-traumatic stress disorder, attention deficit hyperactivity disorder and oppositional defiant disorder." [R. 13]. However, his decision was based solely on J.C.N.'s ADHD. [R. 18]. The ALJ's decision was not based on substantial evidence because of his failure to make "specific and well-articulated findings as to the effect of

**3.** PTSD is defined as "the development of characteristic symptoms following exposure to an extreme traumatic stressor involving direct personal experience of an event that involves actual or threatened death or serious injury, or other threat to one's physical integrity...." American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* § 309.81 (4th ed.1994). "[I]n children, the response must involve disorganized or agitated behavior." Id.

**4.** ODD is defined as "a recurrent pattern of negativistic, defiant, disobedient, and hostile behavior toward authority figures that persists for at least 6 months." American Psychiatric Association, *Diagnostic and Statistical Manual of Mental Disorders* § 313.81 (4th ed.1994).

**5.** While the ALJ concluded that the abuse occurred in July of 2003, it is clear to the court from the record that this abuse actually occurred much earlier, when J.C.N. was four years old. The mother testified that she obtained custody of J.C.N. in June of 2001, but that he only revealed the existence of the sexual abuse to her in July of 2003. [R. 266–267].

**6.** J.C.N.'s noted symptoms included "defiant behavior. He has poor attention span and concentration. He is having nightmares 3 times a week and flashbacks of being sexually abused. His behavior is often unpredictable, disruptive, and combative toward others." [R. 211].

the combination of impairments and to decide whether the combined impairments cause the claimant to be disabled." *Bowen v. Heckler*, 748 F.2d 629, 635 (11th Cir. 1984).

◼ The ALJ also erred in failing to credit the opinion of Dr. Chitwood, J.C.N.'s treating psychiatrist. The ALJ stated that "[l]imited weight has been given to the findings and assessment of Dr. Chitwood in that they are inconsistent with the other substantive evidence of record or with the testimony presented at the hearing." [R. 18]. This vague statement does not articulate specific reasons for rejecting Dr. Chitwood's opinion and is not supported by substantial evidence[7]. Therefore, Dr. Chitwood's opinion must be accepted as true as a matter of law.

◼ Children who do not meet a medical listing may qualify for disability benefits if they have a severe impairment or combination of impairments that result in "limitations that functionally equal the listings." 20 C.F.R. § 416.926a(a). If health professionals deem the child as having severe limitations in one domain[8] or marked limitations in two domains, then the child meets the standard for disability. According to J.C.N.'s treating psychiatrist, Dr. Chitwood, J.C.N. meets this standard. Dr. Chitwood's functional capacity assessment, dated December 11, 2003, found that J.C.N. had marked limitations two domains: (1) in attending and completing tasks; and (2) interacting and relating with others.

The ALJ erred in substituting his own judgment for that of health professionals in assessing J.C.N.'s domains of limitations. The ALJ "succumbed to the [forbidden] temptation to play doctor and make [his] own independent medical findings." *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir.1996).

The decision of the Commissioner is due to be reversed and the case remanded with instructions for the benefits sought to be awarded. A separate Order will be entered.

## FINAL ORDER

In conformity with and pursuant to the memorandum opinion entered contemporaneously herewith, it is

ORDERED, ADJUDGED and DECREED that the decision of the Commissioner of the Social Security Administration is hereby REVERSED, and the case is REMANDED to the Commissioner with instructions that the plaintiff be awarded the benefits claimed. It is

FURTHER ORDERED that the Commissioner withhold from payments that are determined to be due the plaintiff under this order an amount not to exceed 25 percent of the total amount of disability benefits to which the plaintiff is entitled, pursuant to the provisions of 42 U.S.C. § 406(b). The Commissioner is directed to advise the court of the amount withheld so that the matter may be set for final determination of the amount of attorney's

---

7. The ALJ stated that "all of claimant's medications were reportedly working effectively." [R. 13]. Typically, the record reflects that J.C.N. was "doing better" as regards ADHD, but this does not mean the medications have cured J.C.N. of his disorders.

8. A domain is a broad area of functioning. The six domains used in the Regulations are: (i) Acquiring and using information; (ii) Attending and completing tasks; (iii) Interacting and relating with others;(iv) Moving about and manipulating objects; (v) Caring for yourself; and (vi) Health and physical well-being. 20 C.F.R. § 416.926a(b)(i)(vi).

fee to be allowed plaintiff's counsel for services rendered in representing plaintiff in this cause.

It is further ORDERED pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, that plaintiff's attorney is hereby granted an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b) until thirty (30) days subsequent to the receipt of a notice of award of benefits from the Social Security Administration. *This order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act.*