[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-14148
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cv-01009-ACA

MARTINA SORTER,

Plaintiff-Appellant,

versus

SOCIAL SECURITY ADMINISTRATION,
COMMISSIONER,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama

_____

(May 16, 2019)

Before WILLIAM PRYOR, NEWSOM, and GRANT, Circuit Judges.

PER CURIAM:

Martina Sorter appeals the district court's order affirming the Commissioner of the Social Security Administration's decision denying her applications for supplemental security income and disability insurance benefits. Specifically, Sorter asserts (1) that the Appeals Council erred by finding that the new submission from her treating physician was not chronologically relevant, (2) that the ALJ improperly evaluated her fibromyalgia under Social Security Ruling 12-2p, and (3) that the ALJ failed to adequately consider her testimony about the side effects of her pain medication.

In Social Security appeals, we review the Commissioner's conclusions of law and the district court's judgment *de novo*. *Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 850 (11th Cir. 2015) (citations omitted). The Commissioner's factual findings, by contrast, are conclusive so long as they are supported by "substantial evidence," which we have defined as "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citations omitted).

After careful review, we affirm.

# I

A claimant may generally present new evidence at each stage of the administrative process—including to the Appeals Council—if the evidence is new,

2

material, and relates to the period on or before the date of the ALJ's decision. 20 C.F.R. §§ 404.970, 416.1470; *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). And although the Appeals Council has discretion to deny review of an ALJ's decision, it must consider "new, material, and chronologically relevant" evidence when deciding whether to grant a claimant's request for review. *Washington v. Comm'r of Soc. Sec. Admin.*, 806 F.3d 1317, 1320 (11th Cir. 2015) (quoting *Ingram*, 496 F.3d at 1261). When the Appeals Council erroneously refuses to consider such evidence, it commits legal error, and remand is appropriate. *Id.* at 1321; *see also Bowen v. Heckler*, 748 F.2d 629, 636 (11th Cir. 1984).

On appeal, Sorter argues that the Appeals Council erred in concluding that a letter from her treating physician dated more than six months after the ALJ's decision was not chronologically relevant. Although it's true that medical opinions based on treatment occurring after the date of the ALJ's decision may still be chronologically relevant, *Washington*, 806 F.3d at 1322, that is not the case here. In *Washington*—which, significantly, explicitly limited its holding to "the specific circumstances" of that case—the claimant submitted to the Appeals Council a psychologist's evaluation and accompanying opinion about the degree of the claimant's mental limitations, which were prepared seven months after the ALJ's decision. *Id.* at 1319–23. We concluded that the psychologist's materials were

3

chronologically relevant there because (1) the claimant described his mental symptoms during the relevant period to the psychologist, (2) the psychologist had reviewed the claimant's mental-health treatment records from that period, and (3) there was no evidence of the claimant's mental decline since the ALJ's decision. *Id.* at 1319, 1322–23.

Here, unlike in *Washington*, the letter from Sorter's treating physician did not relate to the period on or before the date of the ALJ hearing decision. Accordingly, it was not chronologically relevant and the Appeals Council did not err in refusing to consider it. Additionally, although the Appeals Council's explanation of its refusal to consider the letter in denying review was brief, it is not required, when denying a request for review, to provide a detailed rationale for why each piece of new evidence fails to change the ALJ's conclusion. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 784 (11th Cir. 2014).

## II

Importantly, Social Security Rulings are "binding on all components of the Social Security Administration" (SSA). *See* 20 C.F.R. § 402.35(b)(1). Particularly relevant here, Social Security Ruling 12-2p provides guidance on how the SSA develops evidence that a person has a medically determinable impairment of fibromyalgia and how it evaluates fibromyalgia in disability claims. *See generally* SSR 12-2p, 2012WL 3104869 (July 25, 2012). It sets out a two-step process for

evaluating symptoms, which involves (1) determining whether medical signs and findings show that the person has a medically determinable impairment, and (2) once a medically determinable impairment is established, evaluating the "intensity and persistence of the person's pain or any other symptoms" and determining "the extent to which the symptoms limit the person's capacity for work." *Id.* Then, in order to decide whether a person is disabled based on a medically determinable impairment of fibromyalgia, the SSA considers the regular five-step sequential evaluation process used for any adult claim for disability benefits. *Id.*

On appeal, Sorter contends that the ALJ improperly evaluated her fibromyalgia under—and failed to explicitly cite—Social Security Ruling 12-2p. Although Sorter is correct that the ALJ did not specifically cite Ruling 12-2p, substantial evidence supports the conclusion that the ALJ properly evaluated her fibromyalgia under the two-step process set out in the Ruling because he considered the medical evidence, found that Sorter had a severe impairment, and evaluated that impairment using the five-step process.

### III

In evaluating a claimant's residual functional capacity, the ALJ appropriately considers all of the available evidence, including the effectiveness and side effects of any medication. *See* 20 C.F.R. §§ 404.1529(c)(3)(iv), 416.929(c)(3)(iv). The ALJ has a "basic obligation to develop a full and fair

record," even if—as in this case—the claimant is represented by counsel. *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

As an initial matter, Sorter has abandoned on appeal the issue of whether the ALJ adequately considered her testimony regarding the side effects of her pain medication because her initial brief simply mentions the issue without providing any supporting argument. *See Singh v. U.S. Att'y Gen.*, 561 F.3d 1275, 1278–79 (11th Cir. 2009) (explaining that "simply stating that an issue exists, without further argument or discussion, constitutes abandonment of that issue"). But in any event, the ALJ adequately developed the record and considered the side effects of Sorter's pain medication in assessing her residual functional capacity because he contemplated the medical evidence and Sorter's testimony and assessed a residual functional capacity that took the side effects of her medication into account.

**AFFIRMED.**