[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-14020
Non-Argument Calendar
_____

D.C. Docket No. 4:17-cv-00631-ACA

TIMOTHY BRIAN ELKINS,

Plaintiff–Appellant,

versus

COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,

Defendant–Appellee.

_____

Appeal from the United States District Court
for the Northern District of Alabama
_____

(May 20, 2019)

Before MARTIN, NEWSOM, and BRANCH, Circuit Judges.

PER CURIAM:

Timothy Elkins appeals the Commissioner of the Social Security Administration's denial of his application for disability benefits.  First, Elkins argues that the SSA's Appeals Council afforded no weight to an Alabama court's worker's-compensation order despite the fact that, under the then-applicable regulation,[1] that court's findings were entitled to "great weight."  *See Falcon v. Heckler*, 732 F.2d 827, 831 (11th Cir. 1984) (quotations and citations omitted); 20 C.F.R. § 404.1504.  Second, Elkins contends that the Appeals Council impermissibly based its refusal to consider the Alabama court's worker's-compensation order on the fact that the state court's decision followed the ALJ's.  We disagree on both counts.

## I

We review the Commissioner's conclusions of law and the district court's judgment *de novo*.  *Parks ex rel. D.P. v. Comm'r, Soc. Sec. Admin.*, 783 F.3d 847, 850 (11th Cir. 2015).  The Commissioner's factual findings, by contrast, are conclusive so long as they are supported by "substantial evidence," which we have defined as "such relevant evidence as a reasonable person would accept as

---

[1] We note that 20 C.F.R. §§ 404.1504 and 416.904 were amended in January 2017 to state that for claims filed on or after March 27, 2017, the SSA would "not provide any analysis in [its] determination or decision about a decision made by any other governmental agency or a nongovernmental entity about whether [a claimant is] disabled, blind, employable, or entitled to any benefits."  *See* Revisions to Rules Regarding the Evaluation of Medical Evidence, 82 Fed. Reg. 5844, 5864, 5874 (Jan. 18, 2017).  Because Elkins's claim was filed and decided in February 2017, however, this amendment is not relevant to the claims that Elkins has raised on appeal.

adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

## II

With few exceptions, a social security claimant may present new evidence at each stage of the administrative process, "including before the Appeals Council." *Washington v. Soc. Sec. Admin., Comm'r*, 806 F.3d 1317, 1320 (11th Cir. 2015) (per curiam). And although the Appeals Council has the discretion to deny review of an ALJ's decision, it must consider new, material, and chronologically-relevant evidence submitted by the claimant. *Id*; *see also* 20 C.F.R. § 404.970. When the Appeals Council erroneously refuses to consider new evidence, it commits legal error, and remand is appropriate. *Washington*, 806 F.3d at 1321.

Elkins submitted new, material, and chronologically-relevant evidence from the Circuit Court of Marshall County, Alabama. In his first argument, Elkins contends that the Appeals Council refused to consider this additional evidence, and to the extent that it did, impermissibly discounted the evidence's weight. Elkins is correct that we have held that "[t]he findings of disability by another agency, although not binding on the Secretary, are entitled to great weight." *Bloodsworth*, 703 F.2d at 1241 (citations omitted). Indeed, in *Bowen v. Heckler*, we reversed the Commissioner's denial of benefits where the Appeals Council failed to adequately consider additional evidence of a claimant's disability. 748 F.2d 629, 636–37

3

(11th Cir. 1984). But Elkins overlooks that the Appeals Council *did* consider his additional evidence. In its decision refusing Elkins's request for review, the Appeals Council both acknowledged that it had received the Alabama court's worker's-compensation order and stated, under the bold header "**What We Considered**":

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence. We considered whether the Administrative Law Judge's actions, findings or conclusion is contrary to the weight of the evidence currently of record.
>
> We found that this information does not provide a basis for changing the Administrative Law Judge's decision.

Elkins's brief consists primarily of block quotes and case summaries that, we surmise, seek to indicate that the weight afforded by the Appeals Council was insufficiently "great." Yet the fact that another agency's determination is entitled to "weight" implies that its determination is *not* conclusive. In addition, we have repeatedly found that the Appeals Council is not required to provide a detailed discussion of a claimant's new evidence when denying a request for review. *See, e.g.*, *Parks*, 783 F.3d at 852; *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782–83 (11th Cir. 2014). The Appeals Council therefore acted within its discretion in concluding that the additional evidence did not provide grounds for overturning an ALJ decision that we agree was supported by substantial evidence. *See* ALJ Decision at 3–7.

The passage from the Appeal Council's decision quoted above also shows that Elkins's second argument—that the Appeals Council erroneously refused to review his application on the grounds that the additional evidence he submitted postdated the ALJ's decision—is mistaken.  Again, Elkins has the law right.  The fact that the worker's compensation order followed the ALJ's decision does not necessarily mean that it is chronologically irrelevant.  *See Washington*, 806 F.3d at 1320–21.  But the Appeals Council never said anything to the contrary.  In fact, it didn't say anything about chronology at all.  As such, we find that Elkins's second claim also fails.

We therefore conclude that the district court's judgment upholding the Commissioner's determination that Elkins is not entitled to disability insurance benefits is due to be **AFFIRMED**.